## MAICHOK v. BERTHA–CONSUMERS CO.

## MONANCHIK v. SAME.

Circuit Court of Appeals, Sixth Circuit.
April 3, 1928.

Nos. 4910, 4914.

**1. Corporations ⚖ 662—Foreign corporation doing business within Ohio and having managing agent who is served is subject to suit therein upon transitory action arising outside of state (Gen. Code Ohio, §§ 11276, 11290).**

Under Gen. Code Ohio, §§ 11276, 11290, a foreign corporation actually doing business within the state of Ohio and having therein a managing agent who is served is subject to be sued therein upon a transitory cause of action arising outside of the state.

**2. Corporations ⚖ 668(13)—Return of sheriff to summons, showing service on managing agent in Ohio of foreign corporation, held to show good service (Gen. Code Ohio, §§ 11276, 11290).**

Return of sheriff to summons, showing service by delivery of copy to managing agent in Ohio of foreign corporation, held to show good service under Gen. Code Ohio, §§ 11276, 11290, and fact that summons had been indorsed with instructions to serve on statutory agent was immaterial, since unchallenged return of sheriff should be accepted.

**3. Removal of causes ⚖ 118—Denial of motion to amend sheriff's return after sustaining motion to set aside service after removal from state court held error (Jud. Code, §§ 38, 274c [28 USCA §§ 81, 399]; 28 USCA § 777).**

Where, after removal of case from state court, defendant's motion to set aside service was granted and plaintiff promptly moved to amend sheriff's return to show proper service, which correction was a matter of no real substance, held, that, under Judicial Code, §§ 38, 274c (28 USCA §§ 81, 399), and Rev. St. § 954 (28 USCA § 777), court should have granted plaintiff's motion, since amendments, according to the facts, may now be allowed, even if they pertain to a return made before the cause was removed from the state court.

**4. Removal of causes ⚖ 115—Federal court should retain removed case for purpose of service of proper process, if first service was ineffective (28 USCA § 83).**

Even if first service is ineffective, federal court, after removal from state court, should not grant motion to dismiss, as case should be retained for purpose of proper service, under 28 USCA § 83.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Actions by Mike Maichok against the Bertha-Consumers Company, and by John Monanchik against the same defendant, which were removed to federal court. From judgments granting motions to set aside service and dismiss actions, plaintiffs bring error.

Reversed and remanded for further proceedings.

Lewis D. Houck, of Cleveland, Ohio (Payer, Minshall, Karch & Kerr, of Cleveland, Ohio, on the brief), for plaintiffs in error.

Mark A. Copeland, of Cleveland, Ohio, for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

DENISON, Circuit Judge. The corporation defendant in error is a citizen of West Virginia engaging in mining in that state, and also actively conducting its business at Cleveland in Ohio. Maichok and Monanchik received personal injuries at the mine, and brought these tort actions against the corporation in the Ohio common pleas court at Cleveland. There was service of process, and the defendant removed the cases to the court below, and thereupon moved to set aside service and dismiss. These motions were granted.

[1] Section 11276 of the Ohio General Code provides that any action, not local, may be brought against a foreign corporation in any county where it may be found, and section 11290 directs that process issued against a foreign corporation doing business in the state and having a managing agent therein may be served upon that agent. Construing that statute and the applicable general law, it must be taken as the settled rule in Ohio that a foreign corporation, actually doing business within the state and having therein a managing agent who is served, is subject to be sued therein upon a transitory cause of action arising outside of the state. Handy v. Ins. Co., 37 Ohio St. 366, 370; Loftus v. Pennsylvania R. Co., 107 Ohio St. 352, 140 N. E. 94. It is suggested, rather than distinctly claimed, that the state cannot rightly subject a foreign corporation to this burden (see Robert Mitchell Co. v. Selden Co., 257 U. S. 213, 216, 42 S. Ct. 84, 67 L. Ed. 201); but there has been no such distinct holding by the Supreme Court and we think we should accept the Ohio rule as affecting foreign corporations which locate themselves in the state for business purposes.

Sections 179 and 181 of the Ohio General Code provide that, in order to entitle them to do business lawfully in Ohio, foreign corporations must comply with certain conditions which include the appointment of an agent upon whom process may be served, and who is commonly called the statutory agent. Where personal jurisdiction over the corporation depends upon service on such statu-

tory agent, there are no Ohio decisions as to whether suit will lie in the Ohio courts on a transitory action arising outside the state. It is argued that the decisions of the Supreme Court of the United States, properly compared and interpreted, forbid such action. Missouri Pac. R. Co. v. Clarendon Co., 257 U. S. 533, 42 S. Ct. 210, 66 L. Ed. 354, and cases cited. It may be that the Ohio decisions arising under the managing agent statute would apply also in the other class of cases, because it is claimed that there is no distinction in principle between them. These things we think it unnecessary to decide.

[2] It appears that Thomas P. Jones was the managing agent of the defendant's Ohio business, and was also the duly appointed statutory agent. In the Maichok case, No. 4910, the return of the sheriff to the summons shows that it was served by delivering a copy to "Thomas P. Jones, managing agent of said corporation." We can see no reason why this service was not good under sections 11276 and 11290. The fact that the summons had been indorsed by the plaintiff's attorneys with instructions to serve on "Thomas P. Jones, statutory agent," is not important. The return of the sheriff is complete in itself, and, lacking any challenge or motion to amend, its statement as to the method of service and the official character of the person served should be accepted.

[3, 4] In the Monanchik case, No. 4914, similar instructions were indorsed on the summons, and the sheriff's return showed service by delivering copy to "Thomas P. Jones, statutory agent." After the court had upheld the motion to quash, but promptly, the plaintiff made a motion to amend the sheriff's return so that it might designate Jones as managing agent, and supported the motion by the necessary affidavits. The motion was denied. In the time between the granting of the motion to quash and the filing of this motion to amend, a new term seems to have intervened. We are not advised whether any local rule extends into the next term the time for such a motion as this; very likely there is such a rule, because counsel have not questioned the right of the court to entertain the motion, but it is not very important. If the motion was properly filed, we think it should have been granted, because the correction sought was a matter of no real substance; and amendments according to the fact are, we think, now to be allowed, even if they pertain to a return made before the cause was removed from the state court. At a time when the federal jurisdiction in removed cases depended strictly on the removal record, an amendment of a return in the state court might have been improper; but, since vital defects in the jurisdiction apparent on the removal record may now be cured by amendment after removal (Judicial Code, § 274 c; U. S. Code, tit. 28, § 399 [28 USCA § 399]), there seems to remain no reason why the retroactive effect of Judicial Code, § 38 (U. S. Code, § 81 [28 USCA § 81]), and the amendatory power of R. S. § 954 (U. S. Code, tit. 28, § 777 [28 USCA § 777]), should not extend to such a return as this. In any event, the motion to dismiss should not have been granted. If the first service was to be deemed ineffective, there was no reason why new process could not have issued to be served upon the managing agent, and the case should have been retained for that purpose. U. S. Code, tit. 28, § 83 (28 USCA § 83).

The judgments are reversed, and the cases remanded for further proceedings in accordance herewith.