### STATE, on Inf. of McKITTRICK, Atty. Gen. of Missouri, ex rel. CITY OF TRENTON, MO., v. MISSOURI PUBLIC SERVICE CORPORATION.
### No. 679.

District Court, W. D. Missouri, Central Division.

Nov. 9, 1938.

Roy McKittrick, Atty. Gen., and Covell R. Hewitt, Asst. Atty. Gen., for the State of Missouri.

Harry J. Fair and Russell N. Pickett, both of Trenton, Mo., for relator.

Patterson, Chastain, Graves & Smith, of Kansas City, Mo., for respondent.

COLLET, District Judge.

Plaintiff's motion to remand should be sustained upon the ground that defendant has waived its right to apply for a removal of the cause from the Supreme Court of Missouri.

The applicable legal principle is unquestionably, as defendant's counsel states, that the action relied upon as constituting a waiver must clearly indicate an intention to submit to the jurisdiction of the state court. That cannot be true when the act is not inconsistent with an intent to apply for removal. The record in the case at bar discloses that on June 8, 1938, pursuant to leave granted by that court a petition in the nature of a quo warranto was filed in the Supreme Court of Missouri. On the same day that court issued its order to show cause returnable on August 8, 1938. Also on the same day defendant filed the following (caption and signature omitted):

"Entry of Appearance.

"Comes now Missouri Public Service Corporation, Respondent herein, and waives the issuance and service of a writ in this action and enters its appearance herein; and waives all objections to the jurisdiction of the Supreme Court herein and asks the Court for leave to plead to the information herein within sixty (60) days herefrom."

Apparently, the so-called Entry of Appearance was filed with plaintiff's petition, as the same order directing defendant to show cause on August 8 why the plaintiff's petition should not be granted also recites the filing of the entry of appearance and fixed the return date at the time requested by defendant.

By the Entry of Appearance defendant asked leave to plead *to the information* within sixty days. If it had merely requested leave to plead within sixty days there might be some merit in defendant's present contention that it did not at that time intend to submit to the jurisdiction of the Supreme Court of Missouri and try the case there. But when it asked leave to plead to the information it clearly informed the court and plaintiff that if it was given sixty days to plead it would file a pleading responsive to the issues. Upon that representation the court fixed the return date at the time requested by defendant. There was no occasion for pleading to the information if defendant was to ask for a removal of the cause to this court, hence, the language used clearly implied an intention to try the cause there. The statute fixed no definite time within which defendant was required to plead, leaving that to the court. The time was fixed as defendant requested, therefore, it may not be asserted that no action was taken based on the understanding that the cause was to be tried in the Supreme Court. Under the circumstances, defendant waived any right it may have had to remove the action to this court.

Some notice should be given to the earnest argument of defendant's counsel that jurisdiction should be retained since there is no appeal from an order remanding the case. In this connection it should be borne in mind that the Supreme Court of Missouri is the highest court of the state, eminently capable of protecting defendant's rights and will, if this order be erroneous, properly protect defendant's rights.

The motion to remand will be sustained.