## GRESHAM v. SWIFT & CO.
### Civ. A. No. 105.

District Court, W. D. Louisiana, Shreveport Division.

Sept. 13, 1939.

Julius T. Long, of Shreveport, La., for plaintiff.

E. W. & P. N. Browne, of Shreveport, La., for defendant.

DAWKINS, District Judge.

Defendant has moved to dismiss this suit because of the insufficiency of process. It was filed in the State Court of the Parish of Bossier on April 14, 1939 and removed here on June 12, 1939 by the defendant on the ground of diverse citizenship. It alleges that the defendant's "last designated agent for service * * * in the State * * *" was R. A. Tucker, a resident of Jefferson

Parish in the town of Harvey, Louisiana, "but petitioner is informed, believes and avers that said ·Tucker has either moved from said Parish or is away from same, that it is almost impossible to cite him as agent for said defendant * * * and in order to expedite citation upon said defendant, petitioner avers that under Act No. 179 of 1918 * * * if such agent can not be found, then service may be made upon any regularly employed agent or employee of the said defendant, over the age of eighteen years, in any office and said corporation may be established and maintained in this State, and in the event said agent can not be found * * * petitioner avers that it has such an office in the City of Shreveport, Louisiana, also in Lake Charles, Louisiana."

The prayer was for legal service and "in the event the said designated agent for service of legal process upon it can not be found, then that service for citation be made on defendant" through the agents or persons named in said statute.

The record removed from the State Court contains a citation duly issued by the Clerk of that Court for Bossier Parish, addressed to "Swift & Company", through R. A. Tucker, agent for service in the Parish of Jefferson. It bears the same date that the suit was filed (April 14, 1939). No return appears thereon, but there is at the bottom a "Note: No Tucker working for Swift & Company at Harvey." A second citation addressed to "Swift & Company of the Parish of Caddo" follows immediately in the transcript from the State Court, bearing date, May 1, 1939, and the return thereon shows it to have been served, "on one R. A. Edwards, Manager, in person."

█ Plaintiff concedes that as contended by the defendant, the act of 1918 referred to in his petition has been repealed and that the matter of service upon foreign corporations under State Law is governed by Act No. 267 of the Louisiana Legislature of 1914. This later Act (Section 26) provides that if an agent has been appointed as required by the law of the State, then service shall be made upon him "wherever * * * found", subsection (a), and "if the agent * * * cannot be found, then service may be made upon any regularly employed agent or employee of the corporation, over eighteen years old, in any office which the corporation may have established and maintains, in this State." Subsection (b). The same Act provides further (Subsection (d)) that in suits growing out of "trespass or an offense, or quasi offense" may be at the option of the plaintiff, brought either in the Parish where it occurred, or at the "residence of the corporation's agent for service of process * * *". The present demand comes under the head of a "quasi-offense" or tort, being for damages for the alleged negligent injuries of the plaintiff and damages to his property. The venue was therefore properly laid in Bossier Parish, where the accident is charged to have happened.

Section 83, Title 28, U.S.C., 28 U.S.C.A. § 83, provides as follows: "§ 83. *Service of process after removal.* In all cases removed from any State court to any United States court for trial in which any one or more of the defendants has not been served with process or in which the same has not been perfected prior to such removal, or in which the process served upon the defendant or defendants, or any of them, proves to be defective, such process may be completed by the United States court through its officers, or new process as to defendants upon whom process has not been completed may be issued out of such United States court, or service may be perfected in such court in the same manner as in cases which are originally filed in such United States court. Nothing in this section shall be construed to deprive any defendant upon whom process is so served after removal, of his right to move to remand the cause to the State court, the same as if process had been served upon him prior to such removal. (Apr. 16, 1920, c. 146, 41 Stat. 554.)"

Paragraph (3) of Subsection (d) of Rule No. 4 of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, also provides: "(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

█ I think, therefore, that, inasmuch as it appears that the citation addressed to the defendant "through R. A. Tucker, the agent for service" was regularly issued and evidently sent to the Sheriff of that Parish for service, but no return was made thereon, there simply having been entered the "Note: No Tucker working for Swift & Company",

a new citation addressed in the same manner should be issued and delivered to the Marshal for service. 28 U.S.C.A. § 83. Counsel for the defendant should ascertain and inform the Marshal as to the whereabouts of Tucker (or the plaintiff may proceed under the New Rules of Federal Procedure to require defendant to give this information), and if this is not done and that officer can not find him, after diligent search, his return should be made accordingly, and then I think the service already made upon the manager in Shreveport will be sufficient.

The motion to dismiss will be denied and return process issued in accordance with the views herein expressed.

Thus done and signed at Chambers on this the 13th day of September, 1939.