THE STATE, EX REL. HECK, PROS. ATTY., *v.* SUCHER.

(No. 1881—Decided January 9, 1946.)

*Messrs. Landis, Ferguson, Bieser & Greer,* for relator.

*Messrs. Coolidge, Becker & Wall,* for respondent.

BY THE COURT. This is an action in *quo warranto.* The summons issued in the case required the respondent to answer on the third Saturday after the return day rather than within thirty days after the return day as required by Section 12315, General Code. The respondent filed a motion to quash the summons and the relator filed a motion for an order to amend the summons by correcting the date within which the respondent would be required to answer to conform to the statutory requirements.

Counsel for respondent contend that the summons cannot be amended but that if the court orders an amendment, the amended summons must be served

upon the respondent and the respondent given thirty days after the return day of the amended summons within which to answer. Counsel rely on the following cases: *Kerns* v. *Roberts,* 2 Dec. Rep., 537, 3 W. L. M., 604, which held that a new summons must issue after a correction of a defective verification; *State, ex rel. Pros. Atty.,* v. *Robinson,* 9 Dec. Rep., 249, 11 W. L. B., 294, which was an action in *quo warranto* in which the court held that the summons could not be amended to correct a defect similar to that which exists in the case at bar, and that the summons should be quashed (in that case the court observed that the respondent did not enter appearance; in the case at bar the respondent did not enter his appearance); *Williams* v. *Hamlin,* 12 Dec. Rep., 46, 1 H., 95, in which it was held that a summons may be amended but if there is no appearance entered by the defendant the amended summons must be served; also *White & Co.* v. *Freese,* 13 Dec. Rep., 749, 2 C. S. C. R., 30, in which it was held that a summons served on a petition which had not been sworn to was invalid, and that after the petition was properly sworn to, a new summons should issue.

If the principle of law laid down in the above mentioned cases were to be applied by this court, an amendment may be ordered but the amended summons would be required to be served. This court does not believe that this is the law in the state of Ohio. Section 11363, General Code, provides in part as follows:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, *process,* or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party *or a mistake in any other respect,* or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by

conforming the pleading or proceeding 'to the facts proved.'' (Italics ours.)

In the case of *Irwin* v. *Bank of Bellefontaine*, 6 Ohio St., 81, it was held that an appeal bond may be amended under the provisions of Swan's Rev. Stat. 641, which contained substantially the same provisions as Section 11363, General Code. The court on page 89 says:

''It is claimed that it is so defective, and the mistakes therein so gross, that no amendment can be allowed; that, as the instrument is not a bond, there is nothing to amend by.

''If this position be correct, an instrument in accordance with the statute, by omitting, by accident, a scrawl seal to the signatures, would be too defective for correction, it not being a bond. This is too narrow a construction of the power to amend. The code authorizes an amendment when the mistake goes to the substance of the pleadings or proceedings. *It further authorizes an amendment of a mistake in any respect. Broader and more efficient language could hardly have been used to vest this power. The only limit seems to be to cases where an amendment would not be in furtherance of justice.''* (Italics ours.)

See, also, *Doty* v. *J. D. Rigour & Co.*, 9 Ohio St., 519.

In the case of *Burton* v. *Buckeye Ins. Co.*, 26 Ohio St., 467, the summons contained the name of another insurance company but the defendant was actually served. The court permitted the summons to be amended to conform to the facts and did not require the amended summons to be served on the defendant. The court in applying Section 137 of the Code of Civil Procedure which authorized an amendment of ''any pleading, process, or proceeding,'' on page 470 says:

''That this section of the code is broad enough to cover and authorize the amendment, can not well be disputed. *The ground assumed is, that although the*

*amendment reaches back and validates the writ ab initio, so far as regards the remedy,* effect can not be given to it to invalidate the contract, or cause of action. This is true." (Italics ours.)

In *Wechsler* v. *Shelander,* 14 Ohio Supp., 58, the court corrected service by publication and held that the service was complete and effectual after the amendment by the provisions of Section 11363, General Code.

This court is of the opinion that in furtherance of justice this court may order the summons to be amended without requiring the amended summons to be served on the respondent. Section 11363, General Code, was enacted for the purpose of expediting the administration of justice and the prevention of delays in bringing matters to an issue and authorizes the court to make such amendments as are required for the purpose of correcting mistakes so long as the parties to the case are not prejudiced thereby. In the opinion of this court, the respondent in this case will not be prejudiced by the amendment of the summons. This principle of law is supported by the great weight of authority as shown by a collection of cases to be found in the footnote in Ann. Cas., 1913A, 556. The court will not comment on any of the authorities cited therein.

The motion to amend being sustained, the motion to quash will be overruled. Counsel may draw one entry covering both motions. The respondent is given ten days to file an answer after journalization of the entry.

*Judgment accordingly.*

Hornbeck, P. J., Miller and Wiseman, JJ., concur.