**TOWN OF EDENTON v. HERVEY FOUNDATION, Inc.**

Civ. No. 168.

District Court, E. D. North Carolina, Elizabeth City Division.

May 20, 1947.

ant's answer to this Court. The plaintiff is a North Carolina municipal corporation and the defendant is a foreign corporation, and the amount in controversy as determined by the allegations of the complaint is more than $3,000, exclusive of interest and costs. Upon the docketing of the record in this Court plaintiff moved that the suit be remanded to the State Court because of the filing of defendant's answer with the Clerk of that Court, inasmuch as the answer set forth a cross-action against the plaintiff.

The plaintiff's position is that by the filing of the cross-action asking damages of the plaintiff the defendant invoked the aid of the State Court and thereby waived any right which it otherwise had to have the suit removed to this Court; while the position of the defendant is that the answer with cross-complaint was not actually filed in the State Court, but was delivered to the Clerk of that Court to be forwarded for filing in this Court, and that even if the answer was filed in the State Court the jurisdiction of that Court, which had been terminated by the order of removal to this Court, was not thereby restored; that only an order of this Court could restore the jurisdiction of the State Court.

Ehringhaus and Ehringhaus, of Raleigh, N. C., and John W. Graham, of Edenton, N. C., for plaintiff.

R. H. McNeill, of Washington, D. C., and George H. McNeill, of Morehead City, N. C., for defendant.

GILLIAM, District Judge.

The suit was begun in the (State) Superior Court of Chowan County, North Carolina, and before expiration of the time allowed by the laws of North Carolina for the defendant to answer or plead to the complaint it filed a petition to remove to this Court on the ground of diversity of citizenship. The required bond was simultaneously filed. Thereafter the Clerk of the Superior Court of Chowan County entered an order of removal, to which the plaintiff objected, and subsequent to the entry of this order the defendant filed (or attempted to file) with the Clerk of the State Court an answer to the complaint, therein setting out a cross-action or cross-complaint alleging that it had been damaged in its business reputation and standing, and otherwise, by the allegations in the complaint and also by the wrongful institution of the suit, seeking recovery of a large sum of money from the plaintiff. The Clerk certified the entire record, including defend-

In looking for the correct answer to the question raised, two settled principles bearing upon the question should be noted. First, a non-resident of this State, when sued by a resident of this State in a State Court, if the jurisdictional amount is involved as it is here, has the option of submitting to the jurisdiction of the State Court or of removing the suit to the United States District Court, and this right of removal is to be deemed waived only by specific, positive action indicating that to be his intention. As said in the case of McMillen v. Indemnity Insurance Co., D. C., 8 F.2d 881, at page 883: "The defendant should not be deprived of its constitutional and statutory right to a trial in the court of the United States upon the ground of waiver, 'unless a clear case of intent to submit and have a hearing in the state court is made to appear." There are other authorities to this effect. Secondly, it is setled law that upon the filing of petition for removal, together with the re-

quired bond, and the entry of an order of removal, a State Court's jurisdiction ceases, the Federal Court's jurisdiction attaches, and further proceedings in the State Court are of no effect. In fact, the authorities go further and hold that the Federal Court's jurisdiction attaches immediately upon filing of a sufficient petition and bond. The removal statute itself provides: "It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit." 28 U.S.C.A. § 72.

Even if defendant's purpose was to file its pleading in the State Court it could not have done so with any effect, because at that moment there was no suit there pending in which such pleading might have been filed. But the defendant asserts in an affidavit filed by counsel, and there is no evidence to the contrary, that the pleading was filed " * * * upon the assurance by the Clerk that the whole record in this case would be forwarded by him to the Office of the United States District Court at Elizabeth City," and further that " * * * at no time did the defendant or his counsel ever contemplate waiving his right to the removal to the Federal Court." The first assertion is supported by the fact that the answer bears no filing notation by the Clerk of the State Court, and the latter is borne out by defendant's present position and by every move made by it since the institution of the action in the State Court except, perhaps, the unexplained delivery to the Clerk of the State Court of its answer. When such delivery by the defendant to the Clerk of the State Court is considered in the light of the affidavit filed by counsel, such act is in no material sense inconsistent with the defendant's present position. The plaintiff insists that, though admittedly the jurisdiction of the State Court ceased upon the entry of the order of removal the filing of the answer with the Clerk of the State Court should be interpreted as a change of mind on the part of the defendant and as " * * * a clear case of intent to submit and have a hearing in the State Court," inasmuch as the defendant set up in the answer a cross-complaint invoking the aid of the State Court. To put such interpretation on this act of the defendant is to ignore, as I see it, the record and the uncontroverted facts surrounding the proceedings. It would amount to placing an arbitrary effect on the defendant's act.

This statutory right of the defendant to have the suit tried in this Court should not be denied to it because of some fortuitous act which it did not intend to have such effect. It may be said generally that a party is estopped to deny that he intended the only natural and logical effect of an act deliberately done, but that is not the situation. The defendant filed its answer in the State Court after expressly indicating its desire to have the case tried here and after it was already in this Court, and also upon the assurance that such filing would not have the effect now contended for by the plaintiff as it was filed upon the assurance by the Clerk of the State Court that it would be forwarded by him to this Court, and with no intention of waiving its right of removal to this Court.

It is true that the answer bears the filing notation, "In the Superior Court of Chowan County," but this circumstance is not sufficient to overcome the other circumstances which clearly indicate that the defendant's wish is now, as it has been from the beginning, to litigate this controversy in this Court. The plaintiff relies principally upon Haney v. Wilcheck, D. C., 38 F.Supp. 345, 355, decided in the Western District of Virginia. The Judge who rendered that decision is learned and able and this Court has great respect for his opinion, but there is a wide difference between that case and this one. In the Haney case a resident of Virginia brought suit in the State Court against a non-resident, alleging damages of only $2,500, resulting from an automobile collision, and the defendant filed in that Court his answer denying the allegation of the complaint and setting up a cross-action against the plaintiff alleging damages resulting to him in the same automobile collision in the amount of $15,000. The defendant having filed such answer and cross-action, contended that the jurisdictional amount was then involved and petitioned for removal to the United States District Court. The plea and counterclaim of the defendant was filed simultaneously

with the petition to remove and the order of removal was entered several days thereafter. The plaintiff, on motion to remand to the State Court, contended that the amount necessary to give the Federal Court jurisdiction was not involved because the plaintiff's claim was for only $2,500, that the filing of the counterclaim did not alter that situation. He also contended that when the defendant appeared in the State Court and filed a counterclaim he submitted to the jurisdiction of that Court by invoking its affirmative action in his behalf and that he thereby waived any right he might otherwise have had to a removal. In passing upon the question the Court was required to consider the defendant's answer and cross-action as having been filed in the State Court, because otherwise there was no basis for the contention that the jurisdictional amount was involved. In his opinion, Judge Paul says: "And the fact remains that as to the particular suit now in question, [that is], the suit removed from the State Court, the issue of which was the basis of removal, namely the claim of defendant against the plaintiff, was one as to which the defendants themselves voluntarily invoked the jurisdiction of the state court. That they did this solely for the purpose of creating a removable controversy does not alter the effect of this voluntary and affirmative action on their part." The Court also said: "Of course, the defendants had no semblance of a right to remove except by virtue of their counterclaims. Until then the only amount in controversy was $2,500.00, the amount of plaintiff's claim. By filing the counterclaims he did not waive a right to removal previously existing—for none existed. What they did was to create a controversy involving the jurisdictional amount by invoking the jurisdiction of the state court on their claims. And having voluntarily taken this affirmative action they could not then remove the controversy of their own creation." It is obvious that the situation here is quite different. The defendant there unequivocally invoked the aid of the State Court by filing a cross-complaint against the plaintiff for the jurisdictional amount and he could not by such action invoke the aid of the State Court, and at the same time take the position that he wished to proceed with the trial in the Federal Court. In this case the defendant's right of removal was fixed upon the filing of the complaint, the petition for removal was filed and the order of removal entered, and though the answer with cross-complaint was delivered to the Clerk of the State Court, the filing in effect was in this Court. Another difference is, though perhaps not of great significance, that in the Haney case the order of removal was entered after the answer was filed and after the defendant had unequivocally submitted to the jurisdiction of the State Court, while in this case the answer was filed after the order of removal was entered and upon the understanding that it was to be forwarded by the Clerk of the State Court as a part of the record for this Court. As pointed out above, the defendant could not have filed this answer in the State Court because the case was not pending there and the Court is of the opinion that the defendant had no such intention.

The answer filed by the defendant will be considered as filed in this Court.

For the reasons given it is my opinion that the Motion to Remand should be denied and an Order will be entered accordingly.