478

## STAUFFER v. McLAIN TRUCKING, Inc., et al.

### Civil Action No. 5923.

United States District Court
N. D. Ohio, W. D.

Dec. 24, 1948.

Myers & Myers and Robert D. Touvelle, all of Celina, Ohio, for plaintiff.

Effler, Eastman, Stichter & Smith, of Toledo, Ohio, and Marchal & Marchal, of Greenville, Ohio, for defendants.

KLOEB, District Judge.

This matter was before the Court on motions of the defendants. The McLain Trucking Company Inc. and Clyde E. Rupert, filed on July 9, 1948, to quash summons for the reason that the summons was insufficient in law in setting forth an answer date earlier than that provided under the statutes of the State of Ohio. These motions and briefs in support thereof were duly served upon counsel for the plaintiff. No answering brief was filed in response thereto, as provided by the rules of this Court, and no application for amendment or correction of the summons was filed. On September 30, 1948, this Court entered an order, reciting that it appeared that said summons against each of the defendants was defective in that the answer day was given as June 5, 1948, instead of June 12, 1948, as it should have been under the law of the State of Ohio pertaining thereto, and ordering that, pursuant to Section 1448 of Title 28 United States Code Annotated, effective September 1, 1948, new summons for the defendants issue in this Court.

There is now before the Court the motion of the plaintiff that she be relieved from the said order, that the order be vacated, and that the defective summons be amended without summons being served on the defendants, in support of which a brief has been filed, as well as an answering brief on behalf of the defendants.

It has been held:

"Under the provisions of Section 11363, General Code, in furtherance of justice, the court may order a defective summons amended, without requiring such amended summons to be served, if it be shown that the party served will not be prejudiced thereby." State ex rel. Heck v. Sucher, 77 Ohio App. 257, 65 N.E.2d 268.

In the case of Goldenberg v. Murphy, 108 U.S. 162, 2 S.Ct. 388, 389, 27 L.Ed. 687, the Court held that, where a suit was begun in a State Court, the laws of that State must determine when it was brought, the Court stating:

"As this suit was begun in a state court of New York, the laws of that state must determine when it was brought, and as that is prescribed by statute, we have no need of inquiry as to the practice in other states or the rules of the common law".

■ While, under Rule 3, Federal Rules of Civil Procedure, 28 U.S.C.A., which provides: "A civil action is commenced by filing a complaint with the court," an action is commenced in the Federal Court upon the filing of the complaint, we are of the opinion that, where the action was commenced in the State Court, and later removed to this Court, and the summons

found defective through error of the Clerk of Courts in issuing the same, the State law is applicable. The State law provides that an action is commenced upon service of summons (Secs. 11230, 11279, General Code of Ohio). Under Section 11363, General Code of Ohio, which provides: "Power of court as to amendments. Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. * * *," a defective summons may be amended.

It appearing that the interests of justice would be served by making the amendment of the summons to conform to the statutes of Ohio with regard to the answer day in this case, as filed in the State Court, and that the defendants will not be prejudiced thereby, it will be so ordered.