SAMSON et al. v. GENERAL CAS. &
INS. CO. OF AMERICA.

Civ. A. No. 528.

United States District Court
N. D. Iowa, Central Division.

May 26, 1952.

Luke E. Linnan, Leo J. Cassel, Algona,
Iowa, for plaintiffs.

Alan Loth, Fort Dodge, Iowa, for defendant.

GRAVEN, District Judge.

The plaintiffs commenced this action on April 17, 1952, in the District Court of Iowa in and for Kossuth County. The action is based upon a policy of automobile insurance. Service of original notice was made by acceptance of the same for the defendant by the Commissioner of Insurance of Iowa, as provided by Iowa law. The policy of automobile insurance involved was the combined policy of two insurance companies, apparently affiliated with one another. Each company assumed different liabilities under different provisions of the policy. The liability sought to be enforced by the plaintiffs under the policy was that of the "General Casualty Company of America." The other insurer under the policy was the "General Insurance Company of America." The plaintiffs, by error, apparently compounded the names of the two companies into one, for the defendant named in the petition and in the original notice was the "General Casualty and Insurance Company of America." The correct name of the proper party defendant herein does not include the words "and Insurance", which were added by error of the plaintiffs.

This action was removed to this Court by petition for removal alleging diversity of citizenship and jurisdictional amount filed by the named defendant on May 6, 1952. On May 9, 1952, the named defendant filed a motion to dismiss on the ground that "the defendant was not properly served with process in this action and therefore jurisdiction was not properly obtained of the person of the defendant herein."

It is the claim of the defendant that, because of the error in the name of the defendant heretofore noted, the original no-

tice was defective and the service of the same was a nullity; that the District Court of Iowa in and for Kossuth County never obtained jurisdiction of the person of the defendant, and that this Court acquired no jurisdiction of the person of the defendant by virtue of the removal.

██ As stated by Mr. Justice Brandeis in Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671:

> "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

See also, Western Smelting & Refining Co. v. Pennsylvania R. Co., D.C.Neb.1948, 81 F.Supp. 494, 496; Danielson v. Donmopray, D.C.Wyo.1932, 57 F.2d 565, 566; 2 Cyclopedia of Federal Procedure, § 3.11 (3d Ed. 1951). Thus, assuming that the misnomer of the defendant in the present case was a fatal defect to the jurisdiction of the District Court of Iowa in and for Kossuth County, this Court did not, by virtue of the removal of the case, acquire jurisdiction of the person of the defendant. The foregoing rule, however, does not necessarily compel dismissal of a removed case in which the state court lacked jurisdiction of the person of the defendant, because the federal court may acquire jurisdiction of the person of the defendant subsequent to removal of the case.

██ The United States Court of Appeals for the Eighth Circuit, in United States Fidelity and Guaranty Co. v. Board of Commissioners, 8 Cir., 1906, 145 F. 144, held that it was proper for the federal trial court in a removal case to allow the petition to be amended and to allow new process to issue thereon after the original summons had been set aside. The Court stated, 145 F. at pages 146–147:

> "The receipt of the court of an amended petition and the issue of a summons upon that petition deprived the defendant of no right or privilege

which it would have had if the summons had been issued upon a second original petition, and the conclusion is unavoidable that a Circuit Court of the United States has plenary power to permit the filing of an amended petition and to issue a summons against the defendant thereon in an action which the latter has removed from the state court and in which, upon the defendant's motion, the federal court has set aside the service of the summons which had been issued in the state court."

Express statutory provision for the issuance of new process after removal was provided by the Act of April 16, 1920, c. 146, 41 Stat. 554, which prior to the revision of the Judicial Code in 1948 was 28 U.S. C.A. § 83. That statute was similar to present Section 1448 of Title 28, which is hereafter set out. Under that statute it was held, for example, that a defective return of service in the state court prior to removal did not warrant dismissal of the action after removal for lack of jurisdiction, since new process could issue in the federal court. See Maichok v. Bertha-Consumers Co., 6 Cir., 1928, 25 F.2d 257; Gresham v. Swift & Co., D.C.La.1939, 29 F.Supp. 824. See also, German v. Universal Oil Products Co., D.C.Mo.1934, 6 F.Supp. 53. It was held under that statute that where, after removal, jurisdiction of the person of the defendant was found to be lacking, the plaintiff should have an opportunity to obtain service of process. Phillips v. Manufacturers Trust Co., 9 Cir., 1939, 101 F.2d 723, 727. Of course, the statute did not aid a plaintiff if neither the state court nor the federal court to which the action was removed could obtain jurisdiction of the person of the defendant. See Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 152 A.L.R. 966.

The statute referred to, with some changes in wording, now appears as 28 U.S. C.A. § 1448, which reads as follows:

> "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not

been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

"This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

It is stated in 1-A Ohlinger's Fed. Prac., p. 372 (1950) that Section 1448 "supplements and makes more specific the provisions of Section 1447(a)" which subsection reads as follows:

"In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise."

For cases applying Section 1448, see Hisel v. Chrysler Corporation, D.C.Mo.1950, 90 F.Supp. 655 (process can issue in federal court after removal where attempted acquisition of jurisdiction in state court prior to removal by way of attachment was invalid); Stauffer v. McLain Trucking, Inc., D.C.Ohio 1948, 8 F.R.D. 478 (state court summons defective in that it stated a premature answer date held not fatal to federal court removal jurisdiction). In the latter case the Federal Court at first directed that new process be issued under Section 1448. The plaintiff resisted this order and asked to be allowed to perfect the first summons by amending it so as to correct the answer date stated therein. The Court allowed the plaintiff to do so, since it could have been done under the state law, and the plaintiff was not required to issue a new summons in federal court.

In the present case the plaintiffs made oral application in open court to be allowed to amend their complaint (petition) so as to state correctly the name of the defendant. Leave to file such amendment is granted under the provisions of Federal Rule of Civil Procedure 15, 28 U.S.C.A. Under the provisions of Section 1448, supra, and under the authority of the foregoing cases, it is clear that the plaintiffs should also

be given an opportunity to issue new process on the defendant. Whether or not an amendment alone would be sufficient to confer federal court jurisdiction, as in the Stauffer case, supra, need not be decided at this time. It is the holding of the Court that under the present state of the record the defendant's motion to dismiss for lack of jurisdiction of the person of the defendant is not well taken. An order will be entered granting the plaintiffs leave to amend their complaint (petition) so as to state the name of the defendant correctly and to issue new process to be served upon such correctly named defendant.