Alice T. ROCKWELL, Plaintiff,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Defendant.

Civ. A. 4766.

United States District Court
M. D. Pennsylvania.

Dec. 28, 1955.

James Rutherford, Honesdale, Pa.,
for plaintiff.

Carlon M. O'Malley, Scranton, Pa., for
defendant.

JOHN W. MURPHY, Chief Judge.

Plaintiff of Wayne County, Pennsylvania, in this district, sought in the state court to recover from defendant, a Maryland corporation, for alleged fraud, service of process being made upon one John B. Kemple, one of defendant's special agents, while he was visiting the Wayne County Court House on other business of defendant. Upon defendant's petition, 28 U.S.C.A. § 1441 (a, b), § 1446(a, b, d, e), this diversity action was removed to this court. Defendant moves to dismiss plaintiff's action for lack of jurisdiction over the

person. Federal Rules of Civil Procedure, 12(b)(2), 28 U.S.C.A.

Pennsylvania Procedural Rule 2180 (a), 12 P.S.Appendix, provides: "Service of process within the county in which the action is instituted shall be made upon a corporation * * * by the sheriff of that county by handing a true and attested copy thereof (1) to an executive officer, partner or trustee of the corporation * * * (2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation * * *; or (3) to an agent authorized by appointment to receive service of process; or by delivering a true and attested copy thereof in the manner provided by law to a statutory agent authorized to receive service of process."

Defendant has its principal office and place of business in Baltimore, Maryland, its principal Pennsylvania office at Harrisburg, and a branch office at Scranton, the latter two cities being in this district. It had no office or place of business at Honesdale. It was stipulated by counsel that Mr. Kemple was not an authorized officer or agent upon whom valid service could be made. Service of process was therefore invalid under Pennsylvania law. See Goodrich-Amram Procedural Rules Service, commentary, §§ 2180–1 et seq., 2180(a)–1 et seq.

 In the petition for removal defendant asserted, inter alia, "your petitioner was served with a certified copy of said complaint * * *". See and cf. 28 U.S.C.A. § 1446(b), "The petition for removal * * * shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading * * * or within twenty days after the service of summons upon the defendant * * * whichever period is shorter." Plaintiff contends that by making the averment as to service, apparently in order to comply with the statute, the defendant thereby admitted that proper service was made and

by its conduct was either estopped to deny that fact or had thereby waived compliance with the statute as to service of process and apparently that defendant thereby waived his right to removal. We do not agree.

Defendant's petition for removal was filed for the express purpose of raising the question of lack of jurisdiction of the person in this court. The motion to dismiss was filed promptly after removal. Certainly the act of removal per se was not a waiver of any objection to jurisdiction over the person. See Morris & Co. v. Skandinavia Ins. Co., 1929, 279 U.S. 405, 409, 49 S.Ct. 360, 73 L.Ed. 762; General Investment Co. v. Lake Shore & M. S. R. Co., 1922, 260 U.S. 261, at page 268, 43 S.Ct. 106, 67 L.Ed. 244. The language of Mr. Chief Justice Fuller in Wabash Western Ry. v. Brow, 1896, 164 U.S. 271, at page 278, 17 S.Ct. 126, 128, 41 L.Ed. 431, is most pertinent, "The right of * * * defendant to a removal is * * * statutory * * * he is obliged to pursue the course pointed out * * * when he confines himself to the enforcement of that right in the manner prescribed, he ought not to be held thereby to have voluntarily waived any other right he possesses. * * * The statute does not require the removing party to raise the question of jurisdiction over his person in the state court before removing the cause, or to reserve that question in respect of a court which is to lose any power to deal with it * * *"; and see Id., 164 U.S. 276, 279, 17 S.Ct. 127, 128.

A waiver is the voluntary extinguishment of a known right. Ordinarily it is a question of intent. Houlton Savings Bank v. American Laundry Machinery Co., D.C.Me., 7 F.Supp. 858, 859, at pages 861, 862. It may however be inferred from conduct. Cf. Wabash Western Ry. v. Brow, supra, 164 U.S. at page 278, 17 S.Ct. 126; General Phoenix Corp. v. Malyon, D.C.S.D.N.Y., 88 F. Supp. 502. To operate as a waiver the act of the party must be irreconcilably repugnant to the assertion of his legal

right. There must be a clear, unequivocal and decisive act showing such a purpose or acts amounting to an estoppel. We find none. Whiteley Malleable Castings Co. v. Sterlingworth Railway Supply Co., C.C.Ind., 83 F. 853, at page 855, and see McMillen v. Indemnity Ins. Co. of North America, D.C.Mo., 8 F.2d 881, at page 883; Town of Edenton v. Hervey Foundation, Inc., D.C.N.C., 71 F. Supp. 998, at pages 999, 1000. This statutory right should not be denied because of some fortuitous act which defendant did not intend to have such an effect. The action relied upon must be inconsistent with a purpose to pursue the right to remove and clearly indicate an intention to submit to the jurisdiction of the state court. State, on inf. of McKittrick ex rel. City of Trenton, Mo. v. Missouri Public Service Corp., D.C.Mo., 25 F.Supp. 690, at page 691; Davila v. Hilton Hotels International, D.C.Puerto Rico, 97 F.Supp. 32, at page 34.

When the state court lacks jurisdiction of the person of the defendant, the federal court acquires none on removal. Freeman v. Bee Machinery Co., 1943, 319 U.S. 448, at page 449, 63 S.Ct. 1146, 1147, 87 L.Ed. 1509, and cases cited. Although a statement is there made, "That is true even where the federal court would have jurisdiction if the suit were brought there", such statement must be considered in the light of the provisions of 28 U.S.C.A. § 1447(a), "In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise"; and § 1448, "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. * * *" See United States Fidelity & Guaranty Co. v. Board of Commissioners, 8 Cir., 1906, 145 F. 144, at page 146; Maichok v. Bertha-Consumers Co., 6 Cir., 1928, 25 F.2d 257, at page 258; Phillips v. Manufacturers Trust Co., 9 Cir., 1939, 101 F.2d 723, at page 727; Gresham v. Swift & Co., D.C.W.D.La., 29 F.Supp. 824, at page 825; Hisel v. Chrysler Corp., D.C.W.D.Mo., 90 F. Supp. 655, at page 659; German v. Universal Oil Products Co., D.C.W.D.Mo., 6 F.Supp. 53, at page 58; Murphy v. Campbell Soup Co., D.C.Mass., 40 F.2d 671, at page 673; Samson v. General Casualty & Insurance Co. of America, D.C.N.D.Iowa, 104 F.Supp. 751, at page 752; cf. Wilson v. Kansas City Southern Ry. Co., D.C.W.D.Mo., 101 F.Supp. 56, at pages 59, 60, and see generally 2 Cyclopedia of Federal Procedure, 3d Ed., §§ 3.131, 3.140; Moore's Commentary on the United States Judicial Code, § 0.03(42), p. 278.

Although upon removal the validity of prior process is first considered in comparison with State standards, thereafter the Federal Rules of Civil Procedure, including 4(d) (3), as to service upon corporations are applicable. See Freeman v. Bee Machinery Co., supra, 319 U.S. at page 454, 63 S.Ct. 1146, and Rule 81(c).

In view of the foregoing, we waited some time to see if plaintiff's counsel would take any steps to attempt to perfect service of process. They may have good reason, unknown to the court, for not doing so, e. g., a question as to which statute of limitations is applicable; upon which we at this time express no opinion.

Under the circumstances, we have no alternative but to dismiss plaintiff's action without prejudice.