Leona CLAWSON, Plaintiff,

v.

CENTRAL NEBRASKA PACKING CO.,
Eugene L. Smith, Defendants.

Albert F. CLAWSON, Plaintiff,

v.

CENTRAL NEBRASKA PACKING CO.,
Eugene L. Smith, Defendants.

Civ. Nos. 3081, 3082.

United States District Court
N. D. Indiana,
South Bend Division.

May 24, 1963.

Piser & Lysohir, South Bend, Ind.,
Alex Lysohir, South Bend, Ind., Trial
Atty., for plaintiff.

Jones, Obenchain, Johnson, Ford, Pan-
kow & Seely, South Bend, Ind., Douglas
D. Seely, Jr., South Bend, Ind., Trial
Atty., for defendants.

**2**

GRANT, Chief Judge.

Defendants, Central Nebraska Packing Co., and Eugene L. Smith, filed a Motion to Dismiss in each of the above captioned causes. The parties have filed briefs and a hearing has been held on the questions presented.

Defendants contend that this Court does not have substantive jurisdiction for the reason that plaintiffs have not properly commenced this action. Defendants also contend that this Court does not have personal jurisdiction for the reason that the summonses were not issued and served pursuant to statute and therefore, service herein is a nullity.

■ In support of these contentions, defendants argue that since plaintiffs' affidavits indicate that they took upon themselves, by their attorney as agent, the responsibility for serving the summonses upon the Secretary of State pursuant to § 2–808(a), Burns' Indiana Statutes, they have not complied with Indiana law requiring the summons to be delivered to the Sheriff for service. Therefore, it is argued that plaintiffs have failed to confer upon this Court substantive jurisdiction of the controversies and/or personal jurisdiction over the defendants.

It is the opinion of this Court that service upon the Secretary of State by the attorney for the plaintiffs, pursuant to the provisions of § 2–808(a) Burns' Indiana Statutes, constitutes proper commencement of the action against the non-resident defendants. Therefore, insofar as both defendants request dismissal of these actions for the reason that they have not been properly commenced and/or personal jurisdiction has not been acquired because plaintiffs' attorney, instead of a Sheriff or Marshal served the Secretary of State, it is the holding of this Court that the Motions should be denied.

Defendant, Eugene L. Smith, contends that there is a further reason for granting his Motion to Dismiss. He argues that plaintiffs have not complied with the notice requirement of the statute, § 2–808(a) Burns' Indiana Statutes, in that they have not satified the following alternatives:

(1) Notice of the commencement of the action by actual receipt of the mailed notice as evidenced by a return receipt;

or,

(2) return of the mailed notice with an indication that the defendant has refused to accept the registered mail notice.

(Defendants' Brief, page 11.)

Defendant points out that " * * * plaintiffs' affidavit shows that the mailed notice was returned with a notation upon it that the defendant no longer resided at that address, and left no forwarding address", and that, "(I)n their affidavit, plaintiffs' attorney states that the registered mail notice was directed to the last and usual place of residence of the defendant." (Defendants' Brief, pages 11–12.) He argues that this language is foreign to the statute authorizing service on non-resident motorists and it cannot be assumed that the mailing of such notice to an address once known to be that of the defendant is sufficient compliance.

■ Plaintiffs contend that defendant, Eugene L. Smith, did receive the summonses and actual knowledge of the commencement of the action and that this is evidenced by the fact that the attorney for the defendant, in the Petition to Remove, stated:

"6. The petition is filed within twenty (20) days from the receipt by the defendants of said summons and of actual knowledge of the commencement of this action."

It is sufficient to say, in respect to plaintiffs' argument, that the fact that the defendant's attorney made the above statement in his Petition to Remove does not preclude the defendant from specially appearing to object to the jurisdiction of this Court over his person. Rockwell v. United States Fidelity & Guaranty Co., (D.C.M.D.Pa.1955) 137 F.Supp. 317.

Therefore, the question to be decided is whether or not there has been sufficient service pursuant to the provisions of § 2–808(a) Burns' Indiana Statutes upon defendant Eugene L. Smith.

The statute, § 2–808(a) Burns' Indiana Statutes, in its pertinent part, provides:

"* * * Such service shall be sufficient service upon the nonresident defendant provided that notice of such service and a copy of the summons and complaint are sent by or on behalf of the plaintiff to the defendant by registered mail with return receipt requested. The plaintiff shall file with the court in which the action is pending an affidavit of compliance herewith, a copy of the summons and complaint and either a return receipt purporting to be signed by the defendant or a person qualified to receive his registered mail, or, if the acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was sent to the defendant by ordinary mail. The foregoing papers shall be filed with the court within thirty (30) days after the return receipt or other official proof of delivery or the original envelope bearing a notation of refusal, as the case may be, is received by the plaintiff. Service of process shall be complete ten (10) days after such papers are filed with the court."

The statute requires a plaintiff to satisfy the court wherein an action against a nonresident motorist is pending, that the nonresident defendant has received notice of the service of summons on the Secretary of State, or at least, has had the opportunity to receive it and has refused to accept the registered letter containing the notice. In addition, where the nonresident defendant has refused acceptance the plaintiff is required to file an affidavit that notice of the original mailing and refusal was sent to the defendant by ordinary mail.

In the instant case, the affidavits of plaintiffs' attorney state that "* * * attached hereto is the envelope showing proper mailing by registered United States mail of notice and copy of complaint and summons to the defendant, Eugene L. Smith, *to his last known address and notation by the postal authorities that said defendant moved leaving no forwarding address.*" (Emphasis supplied.)

It is clear from a reading of the affidavits and a consideration of the notation by the postal authorities on the envelopes that the requirements of the statutes have not been satisfied. Plaintiffs have not attached to their affidavits of compliance, a return receipt purporting to be signed by the defendant, or in the alternative, they have not attached the original envelope bearing a notation by the postal authorities that receipt was refused. It is also well to note that they have not stated in their affidavits that "notice of such mailing and refusal was sent to the defendant by ordinary mail."

It is true that in cases where the nonresident defendant has moved and left no forwarding address, plaintiff cannot attach to an affidavit the original envelope bearing a notation by the postal authorities that receipt was refused, and therefore, a situation could very well occur, as it has in these cases, where a plaintiff cannot complete service on a nonresident defendant. However, it is not sufficient compliance, in the opinion of this Court, to fill the vacuum with an affidavit stating that the plaintiff has sent notice to the defendant at his last known address. This language is foreign to the statute and it is up to the legislature, and not this Court, to provide that such notice is sufficient compliance. Cf. § 2–804(a) Burns' Indiana Statutes.

The statute provides that "Service of process shall be complete ten (10) days after such papers are filed with the court." In these causes process is incomplete because plaintiffs have not satisfied this Court, by affidavit and a return re-

ceipt or the original envelope, that the nonresident defendant has received notice of the service of summons on the Secretary of State, or at least, has had the opportunity to refuse to accept notice. The legislature contemplated more than that notice be sent to the last known address of the nonresident defendant.

It Is Therefore Ordered, Adjudged and Decreed that defendants' Motions to Dismiss in each of the above captioned causes be and the same are hereby denied. Plaintiffs are hereby given a reasonable time to complete service on defendant Eugene L. Smith in each of the above captioned causes. If proper service is not completed within a reasonable time each of these causes will be dismissed by further Order of this Court as to defendant, Eugene L. Smith.