IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 14, 2026

## IN RE ISAIAH M.

**Appeal from the Chancery Court for Washington County**
**No. 24-AD-0225     Suzanne Cook, Judge**

———————————————————

### No. E2026-00053-COA-T10B-CV

———————————————————

Petitioner seeks accelerated review of the denial of her motion to recuse the trial judge. The motion to recuse was filed after the entry of a judgment and the denial of a motion under Tennessee Rule of Civil Procedure 59. Because issues related to the denial of the motion to recuse may be raised in petitioner's appeal of the final judgment, we dismiss this appeal.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, P.J., E.S., joined.

A.M., Austin, Texas, pro se appellant.[1]

### OPINION

### I.

A.M. is the respondent in what she describes as "a highly contentious adoption and termination of parental rights case." As her petition for an accelerated interlocutory appeal acknowledges and opinions of this Court attest, she has "filed multiple motions seeking [the trial judge's] recusal due to perceived bias and prejudice." *See In re Isaiah M.*, No. E2025-01899-COA-T10B-CV, 2026 WL 445584, at *1 (Tenn. Ct. App. Feb. 17, 2026) (appeal of the denial of A.M.'s eleventh motion to recuse); *In re Isaiah M.*, No. E2025-01790-COA-T10B-CV, 2026 WL 396719 (Tenn. Ct. App. Feb. 12, 2026) (appeal of the denial of A.M.'s tenth motion to recuse); *In re Isaiah M.*, No. E2025-01691-COA-T10B-

---

[1] We have determined that no answer or oral argument is necessary, so we act summarily on this appeal. TENN. SUP. CT. R. 10B, §§ 2.05, 2.06.

CV, 2025 WL 3296807, at *1 (Tenn. Ct. App. Nov. 26, 2025) (appeal of the denial of A.M.'s seventh and eight motions to recuse); *In re Isaiah M.*, No. E2025-01509-COA-T10B-CV, 2025 WL 3296820, at *5 (Tenn. Ct. App. Nov. 26, 2025) (appeal of the denial of A.M.'s fifth and sixth motion to recuse); *Kelly M. v. [A.]M.*, No. E2024-00629-COA-T10B-CV, 2024 WL 2564454, at *3 (Tenn. Ct. App. May 23, 2024) (appeal of the denial of a motion to recuse). Here, she contends that the trial court erred in denying her Fourteenth Motion to Recuse, which was filed following the entry of a judgment terminating her parental rights. Although claiming that her Fourteenth Motion "was carefully framed to raise new and materially different grounds from any prior motion," the grounds for recusal all stem from and rely on the timing of the denial of her Fourth Motion to Recuse.

The "pivotal sequence" of events, in A.M.'s view, started with her July 2, 2025, filing of a notice of removal, seeking to remove the parental termination case to the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 1446(a) (setting forth the procedure for removal). Paradoxically, although A.M. understood her notice of removal would stay proceedings in the trial court, she filed her Fourth Motion to Recuse the state trial judge on August 20, 2025. *See id.* § 1446(d) (providing that, upon written notice to adverse parties and filing of the notice of removal with the clerk of the State court, "the State court shall proceed no further unless and until the case is remanded"). Two days later, the trial court denied the Fourth Motion to Recuse despite the lack of a remand from the district court.[2] The district court did not remand the case to the trial court until October 6, 2025.[3]

This Court has previously held that removal automatically divests the state court of "authority to proceed further" until remand. *Hood v. Prime Time Rentals, Inc.*, No. 01A01-9807-CH-352, 1999 WL 174138, at *3 (Tenn. Ct. App. Mar. 31, 1999). Relying on that holding, A.M. argues that the Fourth Motion to Recuse "was never validly adjudicated . . . because . . . [the] purported denial of that motion occurred when the [trial] court had no authority to act." Due to this, A.M. asserts that the trial judge was required "to promptly revisit and resolve the still pending Fourth Recusal Motion with a valid order on the merits" following the district court's remand order.[4] She emphasizes that Tennessee Supreme

---

[2] The trial court's order denying recusal made note of the removal to federal court. It also referenced a pending motion filed in the federal court for a remand.

[3] A.M. describes the remand as occurring on October 7, 2025, which is the date the order of remand was entered by the district court, but the order specified that the remand to the trial court was "effective October 6, 2025."

[4] A.M. does not address why her Fourth Motion to Recuse was not itself null and void. *See Dunigan v. Countrywide Home Loans, Inc.*, No. 1:08-CV-3735-CC, 2009 WL 10698799, at *3 (N.D. Ga. Sept. 10, 2009) (describing an amended complaint filed in state court a day after the action was removed "a legal nullity"); *Fields v. United States*, No. CIV.A. 06-89, 2006 WL 1450524, at *2 n.5 (E.D. Pa. May 19, 2006) (describing a motion filed in state court after removal as "void"); *Mehney-Egan v. Mendoza*, 124 F. Supp.

Court Rule 10B mandates that judges rule on motions to recuse "promptly by written order." TENN. SUP. CT. R. 10B, § 1.03.

In her Fourteenth Motion to Recuse, A.M. claimed that "the [trial] judge's impartially might reasonably be questioned" due to her failure to enter a new order denying the Fourth Motion to Recuse following the remand. While a motion for recusal is pending, a "judge whose disqualification is sought" may not make further orders or take further action on the case, "except for good cause stated in the order in which such action is taken." *Id.* § 1.02. Contrary to the prohibition against further action, A.M. submits that the trial judge "[p]roceed[ed] to trial/judgment (and later assert[ed] 'lawful' authority in post-judgment actions) while the [Fourth] Rule 10B motion remained unresolved." And there was no "order that both (a) made a 'good cause' finding . . . and (b) authorized proceeding while the Fourth Recusal Motion remained unresolved by a valid post-remand written order." A.M. also contrasts the trial judge's failure to revisit her order denying the Fourth Motion to Recuse with the judge's determination that a different order "was void" and decision to "enter[] a fresh post-remand order to replace it." To A.M., "[t]he Court's selective correction of other removal-era void orders underscores the due-process inconsistency surrounding the Fourth Recusal Motion."

The trial court denied the Fourteenth Motion to Recuse. It concluded that the motion was "an attempt to relitigate the 4th denial to recuse which is not a basis for recusal." The court also found the Fourteenth Motion repetitive and "filed for an improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation."

## II.

The circumstances surrounding this accelerated interlocutory appeal are unusual, if not unique. A.M. filed her Fourteenth Motion to Recuse following the trial of the case, entry of a judgment, and resolution of post-trial motions. A.M. has filed multiple notices of appeal from those matters. Order, E2025-01955-COA-R3-PT (Tenn. Ct. App. Feb. 17, 2026). In her appeal of the final judgment, she has requested that the Court vacate the order denying her Fourth Motion to Recuse. We denied that relief but provided that she could "raise this issue in her brief before this Court if she so desires." Order, E2025-01955-COA-R3-PT (Tenn. Ct. App. Dec. 31, 2025). So the underlying basis for the Fourteenth Motion to Recuse is potentially an issue in A.M.'s appeal of the final judgment. We have also advised A.M. that she "may raise her appellate issues related to the interlocutory orders entered in the termination of parental rights action . . . in her brief that she will file" in her

---

2d 467, 471 n.1 (E.D. Mich. 2000) (describing new state court filings after removal as "improper"); *Town of Edenton v. Hervey Found.*, 71 F. Supp. 998, 1000 (E.D.N.C. 1947) (concluding that a pleading filed in state court after removal is without "effect, because at that moment there was no suit there pending in which such pleading might have been filed").

appeal as of right of the judgment. Order, E2025-01955-COA-R3-PT (Tenn. Ct. App. Dec. 29, 2025).

When a motion to recuse is denied, the moving party has the option of seeking "an accelerated interlocutory appeal as of right" or raising the "issue in an appeal as of right . . . following the entry of the trial court's judgment." TENN. SUP. CT. R. 10B, § 2.01. We have decided an accelerated interlocutory appeal of the denial of a post-judgment motion to recuse while a separate appeal as of right from a final judgment was pending. But on that occasion, "the recusal issue . . . concern[ed] the preparation of the [appellate] record" for the appeal from the final judgment." *Watson v. City of Jackson*, 448 S.W.3d 919, 927 (Tenn. Ct. App. 2014). So we concluded that deciding the accelerated interlocutory appeal was "necessary prior to a full and proper adjudication" of the appeal of the final judgment. *Id.* That is not true here. And we see no benefit to deciding related recusal questions, i.e. denial of the Fourth and Fourteenth motions to recuse, in a piecemeal fashion. *See Harris v. Chern*, 33 S.W.3d 741, 745 n.3 (Tenn. 2000) (noting that "[p]iecemeal appellate review is not favored").

Under these circumstances, we conclude that dismissal of this accelerated interlocutory appeal is appropriate. Little can be served by addressing the denial of recusal on an accelerated basis given A.M.'s pending appeal from the final judgment. "[O]nce a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court." *First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (footnote omitted). Until we order otherwise, the trial judge has no further role in this matter. And the Court has already informed A.M. that she may raise issues with interlocutory orders, like the order denying her Fourteenth Motion to Recuse, in the appeal of the final judgment.

### III.

We dismiss the appeal.[5] A.M. may raise issues related to the denial of the Fourteenth Motion to Recuse in her brief in the appeal of the final judgment terminating her parental rights.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[5] A.M.'s request for a stay of the proceedings in the trial court pending appeal is denied.