Anthony J. VELTEN, Plaintiff,

v.

Charles DAUGHTREY, Defendant.

Civ. A. No. 1838.

United States District Court
W. D. Missouri,
Southwestern Division.

Jan. 31, 1964.

Edward V. Sweeney, Monett, Mo., for plaintiff.

Almon H. Maus, Monett, Mo., for defendant.

BECKER, District Judge.

This suit for damages for personal injuries was filed in the Circuit Court of Lawrence County, Missouri, against a non-resident motorist. Summons was issued under the Missouri Nonresident Motorist Act. Sections 506.200 to 506.320 V.A.M.S., Mo. Civil Rule 54.14, V.A.M.R. Summons was served on the Secretary of State and thereafter forwarded by restricted registered mail to, and received by, the defendant in the state of his residence. Before the registered mail receipt showing delivery of the summons to the defendant was filed, the defendant removed the cause to this Court on the grounds of diversity of citizenship. The registered mail receipt showing delivery to defendant was thereafter filed in the office of the Clerk of this Court rather than in the office of the Clerk of the Circuit Court of Lawrence County.

Now the defendant moves to quash the service of process "for the reason that the same was not served in compliance with Section 506.270, Revised Statutes 1959, in that the registry receipt and the affidavit of mailing were not filed in the Circuit Court of Lawrence County in compliance with the above statute * * *."

Section 506.270 reads as follows:

"Proof of the mailing or personal delivery of said notification to such nonresident by an adult person not an officer serving same shall be made by affidavit of the party doing said acts. All affidavits of service shall be endorsed upon or attached to the original papers to which they relate and including the returned registry receipt shall be forthwith filed with the court in which such action is filed and pending."

■■ After removal the cause was pending in this Court within the meaning of Section 506.270, so as to permit perfection of the service by filing proof thereof in the office of the Clerk of this Court. There is nothing in Parker v. Bond (Mo.Sup. 1595) 330 S.W.2d 121, relied upon by the defendant, to the contrary. The Parker case did hold that actual receipt of the summons (or refusal to accept) was necessary to valid service, and that the return receipt should be filed. But the perfection of process after removal is governed by federal law rather than state law. Section 1448 of Title 28, U.S.C.A., reads as follows:

"In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same

manner as in cases originally filed in such district court.

"This section shall not deprive any defendant upon whom process is served after removal of his right to remand the case."

██ After perfection of the process the sufficiency of service will be judged on the basis of state law since the jurisdiction is derivative. However this application of state law does not deprive the district court of jurisdiction if the service is perfected after removal. 1A Moore, Federal Practice ¶ 0.168[4.–3], pp. 1381–83, in which the rule is stated as follows:

"Before considering the application of § 1448, perhaps we should note the implications of the derivative nature or removal jurisdiction. As the reader will recall, if a suit within the exclusive jurisdiction of the federal court is brought in a state court and thence removed, the suit will be dismissed. On the other hand, if in personam jurisdiction or quasi in rem jurisdiction has been obtained by the state court, the federal court upon removal acquires this jurisdiction, even though, as to quasi in rem jurisdiction, the federal court could not have originally obtained such jurisdiction. From the above premises it sometimes is assumed that the federal court should dismiss a removed suit if the state court failed to obtain jurisdiction over the defendant. This is erroneous. First, the technical concept of derivative jurisdiction that commands dismissal is properly limited to jurisdiction over the subject matter. Second, Congress has stated in § 1448 that in removed cases 'in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.' As stated by Judge Graven in Samson v. General Casualty & Ins. Co. [(N.D.Iowa) 104 F.Supp. 751, l. c. 752]:

" 'The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction * * *. The foregoing rule, however, does not necessarily compel dismissal of a removal case in which the state court lacked jurisdiction of the person of the defendant, because the federal court may acquire jurisdiction of the person of the defendant subsequent to removal of the case.'

"Moreover, to dispel any doubts reference may be made to the Supreme Court's decision in Polizzi v. Cowles Magazines [345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331], which expressly recognized the authority of the federal court to obtain jurisdiction over a defendant under § 1448."

The rule asserted by defendant would permit the defendant to frustrate federal jurisdiction by hastening to file a petition for removal before the return receipt was received and filed.

If this cause should for any reason be remanded plaintiff is hereby granted leave to withdraw the registered mail receipt for filing in the state court if he deems it desirable.

For the foregoing reasons it is

Ordered that the motion to quash service of process on file herein be, and the same is hereby, denied.