John BEECHER, Appellant,

v.

George C. WALLACE, Appellee.

No. 21376.

United States Court of Appeals
Ninth Circuit.

Aug. 10, 1967.

Thorne, Stanton, Clopton, Herz, Stanek & Steinberg, San Jose, Cal., for appellant.

Faber Johnston, Johnston & Miller, Burnett, Burnett, Keogh & Cali, San Jose, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and MATHES,* Senior District Judge.

KOELSCH, Circuit Judge.

The sole question in this case is whether a summons issued in a state court at the time of the commencement of the action has any legal effect when served on one of several defendants after a co-defendant has removed the action to the federal courts. Stated differently, does a state court summons issued but not served prior to removal of the state court action to the federal courts retain any efficacy for further service of process after the removal? The district court concluded that it does not. We agree.

28 U.S.C. § 1448 provides in part:

"In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."

A careful reading of the statute discloses that the statute contemplates three separate situations: (1) where a defendant has not been served at all with state process prior to removal; (2) where a defendant has been served prior to removal but the service has not been perfected in accord with state law at the date of removal; (3) where a defendant has been served prior to removal but the summons contains some formal defect on its face.

■ The purpose of process is to give the addressee notice of the proceeding against him. Thus service of process (in the absence of a voluntary appearance or a conscious waiver) is an in-dispensable prerequisite to the court's jurisdiction to proceed. If, as in the first case above, the defendant has not been served at all, the state court never acquires jurisdiction over him. However, in both the second and third cases, the defendant, having been served, has been put on notice of the pending action. Consequently, the existence of an irregularity on the face of the summons, or the failure to perfect the service in accord with state law does not necessarily deprive the state court of jurisdiction.

■ Section 1448 recognizes this distinction. Some states provide that service of process shall not be deemed complete until a return thereon is filed in the state court. If, under state law, the filing of the return is not necessary to confer jurisdiction (the fact of service being enough), "such service may be completed" in the federal court by permitting the return to be filed there after removal. See Velten v. Daughtrey, 226 F.Supp. 91 (W.D.Mo.1964).

■ Similarily, if under state law technical errors on the face of the summons can be cured by amendment (and thus do not render the process void), "such process may be completed" in the federal court in the same manner as in the state court. See Stauffer v. McLain Trucking, Inc., 8 F.R.D. 478 (N.D. Ohio 1948).

■■ However, where the defendant has never been put on notice of the state court proceeding prior to removal (the first case above) the federal court cannot "complete" the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The state court process becomes null and void on the date the action is removed to the federal court. Cf. 28 U.S.C. § 1446(a); Allman v. Hanley, 302 F.2d 559 (5th Cir. 1962).

The judgment is affirmed.

---

* Senior District Judge William C. Mathes died on July 24, 1967. Before his death, he had expressed his concurrence in the result which is reached.