Ronald LISTLE, et al., Plaintiffs,

v.

**MILWAUKEE COUNTY and Milwaukee County Pension Board, Defendants.**

No. 95–C–1261.

United States District Court,
E.D. Wisconsin.

March 13, 1996.

Dunlap & Associates by Kenneth J. Dunlap, Milwaukee, WI, for Plaintiff.

Principal Assistant Corp. by Mark A. Grady and Timothy R. Karaskiewicz, Milwaukee, WI, for Defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

On November 24, 1995, the plaintiffs, fifty-six former Milwaukee County employees, all

of whom retired between January 1, 1994, and November 29, 1994, filed a complaint in Milwaukee County circuit court against Milwaukee County ["the County"] and the Milwaukee County Pension Board ["the Board"]. The complaint alleged that the defendants violated their constitutional rights by granting additional retirement benefits to Milwaukee County employees who retired on or after November 30, 1994. The County removed this action to federal court on December 13, 1995, on the ground that the case involved a federal question over which this court has original jurisdiction.

Presently before the court is the motion of the Board to quash service as insufficient under Rules 12(b)(4) and (5), Federal Rules of Civil Procedure. For the reasons articulated below, the motion will be denied.

Service of process after removal is governed by 28 U.S.C. § 1448 which provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

As of the date of removal, only service on the County had been perfected. It is undisputed that after the County filed its notice of removal, the plaintiffs attempted service on the Board by personally serving Jac Amerell, manager of the Milwaukee County Employees' Retirement System with a *state court* summons and complaint. The plaintiffs point out that prior to removal, they had unsuccessfully attempted to serve the Board by serving the state court summons and complaint upon Rod Lanser, Milwaukee County Clerk. After they were informed that service on Mr. Lanser was insufficient as to the Board, they then served the state court summons and complaint on Mr. Amerell. The Board does not contest these assertions.

The Board argues that after removal, the plaintiffs were required to comply with Rule 4, Federal Rules of Civil Procedure to perfect service. In support for this proposition,

the Board points to the decision of the court of appeals for the ninth circuit in *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir.1967), which held that after removal, jurisdiction rests solely with the federal district court and all subsequently filed state court pleadings have no effect. The plaintiffs, on the other hand, maintain that service should not be quashed because its efforts to serve Mr. Amerell represented a *completion* of service on the Board which could then be made in accordance with state law under 28 U.S.C. § 1448.

I am not obligated to follow a decision of the court appeals for the ninth circuit. The Board has not cited any case law from the court of appeals for the seventh circuit adopting the decision of the ninth circuit in *Beecher* or its interpretation of 28 U.S.C. § 1448. Moreover, at least one district court in this circuit has refused to follow *Beecher* on the ground that its holding is contrary to the explicit wording of 28 U.S.C. § 1448 which allows completion of state court process after removal. *Continental Ill. National Bank and Trust Company of Chicago v. Protos Shipping Inc.*, 472 F.Supp. 979, 982–83 (N.D.Ill.1979). *See also* 4A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1082.

The Board's interpretation of 28 U.S.C. § 1448 invites the court to hold that 28 U.S.C. § 1448 requires a plaintiff who has not perfected service prior to removal to issue new process in accordance with Rule 4, Federal Rules of Civil Procedure. The problem I have with this interpretation of 28 U.S.C. § 1448 is that it gives no meaning to the phrase of the statute allowing "completion" of unperfected or defective process or service. The fact that the statute contemplates completion of service or process begun prior to removal conflicts with the Board's assertion that all service or process which is not perfected as of removal must be issued anew pursuant to Rule 4, Federal Rules of Civil Procedure.

The Board attempts to distinguish the district court decision in *Protos Shipping* on the ground that that case involved a foreign corporation thereby implicating specific service

rules applicable to foreign corporations. However, that fact alone was not the basis of the court's holding. Rather, the decision of the district court in *Protos Shipping* was based, at least in part, on its conclusion that the explicit language of 28 U.S.C. § 1448 itself allowed completion of service to be made in accordance with state law. *Protos Shipping*, 472 F.Supp. at 982–83. This conclusion had nothing to do with the defendant's status as a foreign corporation or the particular service requirements for foreign corporations under Rule 4, Federal Rules of Civil Procedure.

I also reject the Board's argument as applied in the instant case because it improperly elevates form over substance. I believe that the Board was fully informed by the service made by the plaintiffs. The Board received actual notice of the complaint by the personal service on Mr. Amerell and of the removal as the Board and the County, which removed the action to federal court, are represented by the same counsel.

In my opinion, the Board's service on Mr. Amerell was merely a continuation of the service it had attempted prior to removal. As such, I find that the Board was entitled under 28 U.S.C. § 1448 to complete state service of process. Accordingly, the completion of state service of process upon the Board after the County removed the case to this court was proper service of process pursuant to 28 U.S.C. § 1448. The Board's motion to quash service under Rules 12(b)(4) and (5) will be denied, with costs.

Therefore, IT IS ORDERED that the Board's motion to quash service under Rules 12(b)(4) and (5) be and hereby is denied, with costs.