**Fateh RAJAN, Appellant,**

v.

**Anne E. SHEPARD–KNAPP, and Steven D. Knapp, Individually and as next friend of Mary Lacy Shepard–Knapp, a Minor, Appellees.**

No. 01–96–01594–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 5, 1998.

Rehearing Overruled April 6, 1998.

---

Larry Mason Lee, Houston, for Appellant.

Rand Mintzer, Houston, for Appellees.

Before NUCHIA, MIRABAL and O'CONNOR, JJ.

## OPINION

NUCHIA, Justice.

Anne E. Shepard–Knapp, and Steven D. Knapp, individually and as next friend of Mary Lacy Shepard–Knapp (collectively "Knapp") sued Fateh Rajan for personal injuries. The trial court entered a default judgment against Rajan. We affirm.

## BACKGROUND

In July 1991, Anne Shephard–Knapp and her infant were on board and seated on a United Airlines plane. Before takeoff, Rajan dropped a large piece of luggage on them. Anne Shephard–Knapp had her front teeth knocked out, and suffered injuries to her nose. Her infant also suffered minor injuries.

Knapp sued United Airlines ("United") and Rajan for their injuries. On July 9, 1993, citation was issued for both United and Rajan. United was served on July 22, 1993. On August 4, 1993, United filed its "Notice of Removal."

Although issuance of the citation occurred before removal, service on Rajan was not effected until August 26, 1993—after the notice of removal had been filed. Rajan filed his answer at the state court on September 7, 1993, also after the filing of the removal notice.

After the case was removed to the United States District Court for the Southern District of Texas, Rajan did not appear, and was not re-served with new federal process. The federal district judge determined that the case was improperly removed, and remanded the case back to the state court on October 4, 1995.

After remand, United settled with Knapp. The case against Rajan continued, and trial was set for July 24, 1996. Rajan was notified of the trial date, and was called on the day of trial; however, he informed the court he would not appear. The trial court entered a default judgment against Rajan because "even though he has previously answered and was called by the Court and/or its personnel on several occasions, [he] failed to show." The judgment became final on October 28, 1996, when Knapp's remaining claims were non-suited.

On December 20, 1996, Rajan filed his petition for writ of error to this Court.

## DISCUSSION

■ To obtain review by writ of error, Rajan must show the petition was brought within six months of the date of the judgment, that he was a party to the suit and did not participate in the actual trial of the case, and that error is apparent on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *Spivey v. Holloway,* 902 S.W.2d 46, 47 (Tex.App.—Houston [1st Dist.] 1995, no writ). It is undisputed that the writ was timely filed, Rajan was a party to the lawsuit, and did not participate in the actual trial of the case. Therefore, the remaining issue is whether error is apparent on the face of the record.

In his sole point of error, Rajan argues the default judgment is void because he was served and he filed an answer after the case was removed to federal court. He asserts that the state court did not have jurisdiction over the case at the time he was served and answered, and his service and answer were a nullity.

■ Defective service is considered for purpose of a writ of error to be "error apparent on the face of the record." *Hesser v. Hesser,* 842 S.W.2d 759, 765 (Tex.App.—Houston [1st Dist.] 1992, writ denied). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985).

Although Rajan was not served until after removal, Rajan's service was authorized and valid under 28 U.S.C. § 1448. This section states:

> In all cases removed from any State court to any district court of the United States *in which any one or more of the defendants has not been served with process* or in which the service has not been perfected prior to removal, or in which process served proves to be defective, *such process or service may be completed* or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448 (emphasis added).

■ According to the plain language of the statute, the completion of Rajan's service after removal was not defective. The service of the state court citation was sufficient for the federal court to acquire jurisdiction over Rajan even though the federal court did not

issue new federal process. *See, e.g., Listle v. Milwaukee County,* 926 F.Supp. 826, 826–28 (E.D.Wis.1996); *Continental Illinois Nat'l Bank & Trust v. Protos Shipping, Inc.,* 472 F.Supp. 979, 982 (N.D.Ill.1979); *but see Beecher v. Wallace,* 381 F.2d 372, 373 (9th Cir.1967) (holding to the contrary, but overtly not followed by *Listle* and *Protos Shipping, Inc.* and viewed as "incorrect as a matter of law").[1] The service of the state court citation brought Rajan properly before the federal court, and upon remand, properly before the state court.

■ To view Rajan's service as ineffective would "deify form over substance." *Protos Shipping, Inc.,* 472 F.Supp. at 982. First, the additional service by the federal district court clerk would add nothing because federal court service may be made pursuant to FED.R.CIV.P. 4(d) and (e) in the same manner as the service made under TEX.R. CIV. P. 106. *See Protos Shipping, Inc.,* 472 F.Supp. at 982. Second, Rajan was fully informed by the service made as he concedes he received actual notice of the complaint by the personal service. *See id.*

■ At oral argument before this Court, Rajan argued that the return of the citation

was required to be filed in the federal court to "complete" the service upon him. After removal, the perfection of service of process is governed by the Federal Rules of Civil Procedure,[2] and FED. R. CIV. P. 4(*l*) expressly states, "failure to make proof of service does not affect the validity of service." Based upon the express wording of the rule, the filing of the citation in state court had no impact on the validity of Rajan's service.

Rajan did not answer or appear in the federal court, or in the state court upon remand. The default judgment rendered against Rajan for his not appearing for trial was proper. Accordingly, there is no error apparent from the face of the record.

We overrule Rajan's sole point of error.

We affirm.

MIRABAL, J., dissenting.

MIRABAL, Justice, dissenting.

The majority has chosen to follow the lead of two trial judges, one in Wisconsin[1] and one in Illinois.[2] I believe the better authority comes from the Ninth Circuit Court of

---

**1.** The dissent argues that the *Beecher* decision has been cited with approval by the Fifth Circuit on a "related but not identical legal principle." To the contrary, the Fifth Circuit cited *Beecher* in *Freight Terminals* for a completely different proposition. In *Beecher,* the Ninth Circuit pointed out that 28 U.S.C. § 1448 contemplates three situations: (1) where a defendant has not been served at all with state process prior to removal (as in the instant case); (2) where a defendant has been served prior to removal but the service has not been perfected in accord with state law at the date of removal; and (3) where a defendant has been served prior to removal but the summons contains some formal defect on its face. The *Beecher* court stated that in the second and third situations, "the defendant, having been served, has been put on notice of the pending action. Consequently, the existence of an irregularity on the face of the summons, or the failure to perfect the service in accord with state law does not necessarily deprive the state court of jurisdiction." *Beecher,* 381 F.2d at 373.

In *Freight Terminals,* the Fifth Circuit was addressing the second situation, *i.e.,* the defendant had been served via a complaint that did not contain the allegations required under the Texas long arm statute. *Freight Terminals,* 461 F.2d at 1052. The Fifth Circuit agreed with *Beecher* that

it would be a waste of time for the district court to have dismissed the case due to 28 U.S.C. § 1448. The Fifth Circuit did not comment on or address the first situation, which is present in the instant case, *i.e.,* the completion of state process in federal court..

The dissent's use of 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1082 (2d ed.1987) is also misleading. The treatise merely cited *Beecher* and its holding. The 1997 supplement to section 3738, which specifically addresses the applicability of 28 U.S.C. § 1448, notes that *Continental Illinois National Bank & Trust v. Protos Shipping, Inc.,* 472 F.Supp. 979, 982 (N.D.Ill.1979) specifically declined to follow *Beecher.* 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3738 (2d ed. 1987 & Supp.1997)

**2.** FED. R. CIV. P. 81(c); *Micromedia v. Automated Broadcast Controls,* 799 F.2d 230, 233 (5th Cir. 1986).

**1.** *Listle v. Milwaukee County,* 926 F.Supp. 826, 826–28 (E.D.Wis.1996).

**2.** *Continental Illinois Nat'l Bank & Trust v. Protos Shipping, Inc.,* 472 F.Supp. 979, 982 (N.D.Ill. 1979).

Appeals,[3] whose opinion has been cited with approval by the Fifth Circuit Court of Appeals.[4] Therefore, I dissent.

The issue in this case is straightforward: If a trial court has no jurisdiction over a case, are actions taken in that court in connection with that case null and void and of no effect?

The answer: Yes.[5]

The law is clear that the removal of a case to federal court *ends the state court's jurisdiction* until the case is remanded. *Farias v. Bexar Cty. Bd. of Tr. for M.H.M.R. Serv.*, 925 F.2d 866, 873 (5th. Cir.1991); *E.D. Sys. Corp. v. Southwestern Bell Co.*, 674 F.2d 453, 458 n. 2 (5th Cir.1982). In the present case, at the time of removal to federal court, appellant had not yet been served with the original petition. Three weeks after the state trial court lost jurisdiction, appellant was served with citation directing appellant to file an answer in the state trial court. Five weeks after the state trial court had lost jurisdiction, appellant filed an answer in the state trial court. Appellant's answer was never made a part of the record in the federal court. Appellant was never served with federal process and he never appeared in federal court. More than two years after the state court lost jurisdiction, the federal court remanded the case back to the state court.

Appellant was not served again with citation once the state court regained jurisdiction. Rather, appellees set the case for trial, and upon appellant's failure to appear, the state trial court entered judgment against appellant for $135,429.00.

On appeal, appellant argues that, because the state court did not have jurisdiction of the case at the time appellant was served and answered, the service was ineffective and appellant's answer was a "non-appearance." Therefore, according to appellant, the state court did not have jurisdiction over appellant

to render a judgment against him. I agree with appellant.

In *Beecher v. Wallace*, the Ninth Circuit Court of Appeals was faced with the same issue. 381 F.2d at 372. The court applied 28 U.S.C. § 1448, which reads:

> In all cases *removed* from any state court to any district court of the United States in which any one or more of the *defendants has not been served with process* **or** in which the service has not been perfected prior to removal, **or** in which process served proves to be defective, *such process or service may be completed or new process issued* in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448 (1989) (emphasis added). The *Beecher* Court reasoned:

> [W]here the defendant has never been put on notice of the state court proceeding *prior to removal* [because defendant was not served at all with state process prior to removal] the federal court cannot "complete" the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure. ***The state court process becomes null and void on the date the action is removed to the federal court.*** Cf. 28 U.S.C.S. 1446(a); *Allman v. Hanley*, 302 F.2d, 559 (5th Cir.1962).

*Beecher*, 381 F.2d at 373 (emphasis added).

The Fifth Circuit cited *Beecher* with approval, for a related though not identical legal principle, in *Freight Terminals, Inc.*, 461 F.2d at 1052. The *Freight Terminals* case also cited with approval 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1082 (1969), which cites *Beecher* and supports appellant's position. *Freight Terminals, Inc.*, 461 F.2d at 1052.

3. *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir.1967).

4. *Freight Terminals, Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1052 (5th Cir.(Tex.1972)).

5. This general principle appears in various types of cases where the trial court either never had

jurisdiction, or lost jurisdiction. *See Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 78 (Tex. App.—San Antonio 1996, writ denied); *Jobe v. Lapidus*, 874 S.W.2d 764, 766 (Tex.App.—Dallas 1994, writ denied); *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex.App.—Amarillo 1984, no writ)

I would sustain appellant's sole point of error, holding the trial court erred in entering judgment against appellant when the trial court had no jurisdiction over appellant. I would reverse the judgment and remand.