99-00624 Gonzales v Gonzales.wpd



No. 04-99-00624-CV



Isaac GONZALES,


Appellant



v.



Rosa G. GONZALES,


Appellee



From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-04186


Honorable James F. Clawson, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: October 25, 2000


AFFIRMED


 This is a restricted appeal. Appellant, Isaac Gonzales, appeals from a default
judgment taken against him in a divorce suit filed by his wife, Rosa Gonzales. Isaac was
served with process but failed to answer the suit. In one issue, Isaac complains the trial court
abused its discretion by ordering an unequal division of the parties' community property.

 The Texas Family Code mandates "in a decree of divorce or annulment, the court
shall order a division of the estate of the parties in a manner that the court deems just and
right, having due regard for the rights of each party and any children of the marriage." See
Tex. Fam. Code Ann. § 7.001 (Vernon 1997 & Supp. 2000). The trial court has wide
discretion in dividing the estate and may consider such factors as: the spouses' capacities and
abilities; benefits which the party not at fault would have derived from a continuation of the
marriage; business opportunities; education; relative physical conditions; relative financial
condition and obligations; disparity of ages; size of separate estates; disparities in earning
capacity and income; the nature of the property. See Murff v. Murff, 615 S.W.2d 696, 699
(Tex. 1981). The trial court may consider the relative fault of the parties in causing the
breakup of the marriage when it divides the community property. See id at 698; Morrison
v. Morrison, 713 S.W.2d 377, 379 (Tex. App.-Dallas 1986, writ dismissed). We may only
reverse the decree of the trial court if we find the division of property was an abuse of
discretion. See Murff v. Murff, 615 S.W.2d at 700. Under this standard, the legal and factual
sufficiency of the evidence are not independent grounds of error, but are merely relevant
factors in assessing whether the trial court abused its discretion. See Zieba v. Martin, 928
S.W.2d 782, 786 (Tex. App.-Houston [14th Dist.] 1996, no writ). An unequal division of
property should not be reversed for an abuse of discretion if the trial court could have
considered some of the factors listed in Murff v. Murff. See Finch v. Finch, 825 S.W.2d 218,
222 (Tex. App.-Houston [1st Dist.] 1992, no writ)

 Review by a restricted appeal affords an appellant virtually the same scope of review
as an ordinary appeal. See Rajan v. Shepard-Knapp, 965 S.W.2d 47, 49 (Tex. App.-Houston
[1st Dist.] 1998, pet. denied). However, in a restricted appeal, the error must appear on the
face of the record. See Attorney General of Texas v. Orr, 989 S.W.2d 464, 468 (Tex.
App.-Austin 1999, no pet.). Further, the usual presumption of validity of the judgment does
not apply. See Tex. Fam. Code Ann. § 6.701 (Vernon 1998). In a divorce case, the petition
is not taken as confessed for want of an answer. See Considine v. Considine, 726 S.W.2d
253, 254 (Tex. App.-Austin 1987, no writ) (citing Tex. Fam. Code Ann. § 3.53). The
petitioner must put proof on the record to support the allegations in the petition. See id. 

 At the trial before the court on the default judgment, Rosa testified Isaac had
committed adultery and had been cruel to her throughout their marriage. A protective order
signed a few months before the divorce petition was filed was still in effect and presented
to the trial court. 

 The trial court awarded Rosa the following as her sole and separate property: the
homestead she and Isaac occupied together; all of the furnishings, furniture, and appliances
in the house located on the homestead; her clothing, jewelry, and personal effects; all cash
in her possession or subject to her sole control; any debts incurred by the community after
February 2, 1996; one half of the community's undivided one-half interest in 20 acres of land
in Uvalde County.

 The trial court awarded Isaac all of the following as his sole and separate property:
all of the clothing, jewelry, and personal effects in his possession or subject to his sole
control; all of the community's approximately $9000 in credit card debt; any debts incurred
solely by Isaac after February 2, 1996; and one half of the community's undivided one-half
interest in 20 acres of land in Uvalde County. There is testimony in the record from Rosa
that the community owned a boat, a trailer, three automobiles, and a backhoe. Further, Rosa
testified she wanted Isaac to have these items, and the court agreed to that disposition on the
record before it announced its judgment. These items are not specified in the final decree
but may have been awarded as part of the personal items in Isaac's possession and control. 

 Rosa testified her income was $279 a month. The court had evidence before it that
Isaac had committed adultery and had been cruel to his wife throughout their 48 years of
marriage. Given the existence of the protective order clearly designed to prevent harassment
and domestic violence, the court could easily infer that the cruelty contributed to the
dissolution of the marriage.

 In light of Rosa's paltry income, and the uncontroverted evidence of adultery and
cruel treatment, we hold it was not an abuse of discretion to award her an unequal division
of the community property. In addition, there was no abuse of discretion in failing to order
the sale of the interest in the Uvalde property. Isaac Gonzales is not harmed in any way by
being made a cotenant with his ex-wife. Should he desire a partition or sale of his interest,
that right is absolute. See Tex. Prop. Code Ann. § 23.001 (Vernon 1984 & Supp. 2000);
Ware v. Ware, 809 S.W.2d 569, 571-72 (Tex. App.-San Antonio 1991, no writ). 


Conclusion

 We overrule Isaac Gonzales's issue and affirm the judgment of the trial court.


 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH