NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240308-U

NO. 4-24-0308

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 17, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CHRISTIAAN DIOR DAVIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Ogle County |
| SERGEANT JAMES GILLIAM, THE ROCHELLE | ) | No. 23CH13 |
| POLICE DEPARTMENT, THE CITY OF | ) | |
| ROCHELLE, and ERICA C. MOORE, | ) | Honorable |
| Defendants (Erica C. Moore, Defendant- | ) | John C. Redington, |
| Appellee). | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's dismissal with prejudice is affirmed where it lost jurisdiction over a cause after it was removed to federal court.

¶ 2    Plaintiff, Christiaan Dior Davis, *pro se*, appeals an order from the circuit court of Ogle County vacating its default judgment against defendant, Erica C. Moore. The order was entered after three codefendants filed an *amicus curiae* brief advising the trial court it lacked jurisdiction over Moore because plaintiff's claims against her, along with those against the other codefendants, had been removed to federal court. In addition to vacating the default judgment, the trial court dismissed plaintiff's cause with prejudice. Plaintiff appeals the dismissal. Although plaintiff's brief primarily reargues his substantive claims against all four defendants, claims which are not before us now, we nevertheless glean the argument from his brief and notice of appeal that the court erred in dismissing his cause with prejudice. We affirm.

¶ 3                                      I. BACKGROUND

¶ 4             In August 2022, plaintiff and Erica Moore visited a bar in Rochelle, Illinois. After the bar closed, the two attended an "after party" at a separate location. While there, they had an argument, and Moore, according to plaintiff, stabbed him near his eye with her car keys. Plaintiff admits he "may have" struck Moore while attempting to extricate himself from her grip. He then alleges Moore tried to run off, but she tripped twice, smacking the ground "face first." He attempted to help her up, but she fled into a nearby building.

¶ 5             Plaintiff approached the building and asked a resident if he could come inside to clean his wound and call for a ride home. While searching for a bathroom, plaintiff ended up in a laundry room, where he was ultimately found by Rochelle Police Sergeant James Gilliam. Plaintiff alleges Sergeant Gilliam asked what had occurred between him and Moore and repeatedly referred to Moore as plaintiff's "girlfriend." Plaintiff denied that Moore was his girlfriend and attempted to leave the laundry room. Sergeant Gilliam then placed him under arrest for domestic battery.

¶ 6             Plaintiff was convicted on July 10, 2023. On August 11, 2023, he filed a verified complaint against the City of Rochelle, the Rochelle Police Department, Sergeant James Gilliam (collectively, Municipal Defendants), and Erica Moore. He amended the complaint on August 29, 2023. In his amended complaint, he listed a multitude of claims, including violations of his fourth, fifth, eighth, and fourteenth amendment rights (see U.S. Const., amends. IV, V, VIII, XIV); assault and battery; false arrest; false imprisonment; "malicious arrest/prosecution"; willful and wanton official misconduct; perjury; obstruction of justice; conspiracy; mental and emotional distress; and negligence, among others. By August 31, 2023, all Municipal Defendants had been served with process. Erica Moore had not. On September 8, 2023, Municipal

Defendants filed a motion to dismiss plaintiff's complaint. On September 14, 2023, they filed a notice to remove the case to federal court based on federal question jurisdiction and supplemental jurisdiction. At the time of the removal, defendant Moore had not been served with process.

¶ 7        On December 6, 2023, Moore was served with process. On December 12, 2023, the United States District Court for the Northern District of Illinois dismissed plaintiff's complaint for failing to state a claim and being frivolous. On January 5, 2024, plaintiff filed a petition in the circuit court of Ogle County for the entry of a default judgment against Moore for failing to appear or plead after proper service on December 6, 2023. On January 19, 2024, the trial court entered an order holding Moore in default.

¶ 8        On January 25, 2024, Municipal Defendants filed an *amicus curiae* brief with the trial court, informing it that the entire underlying case had been removed to federal court and plaintiff's complaint had subsequently been dismissed there. At the time of the brief, plaintiff was appealing the dismissal of his complaint before the United States Court of Appeals for the Seventh Circuit. As a result of the removal, Municipal Defendants advised the trial court lacked jurisdiction to enter a default judgment on Moore.

¶ 9        On January 26, 2024, the trial court entered an order vacating the default judgment against Moore and dismissing the cause with prejudice. Between January 29 and February 2, 2024, plaintiff filed three motions with the court: a "Motion To Reconsider Dismissal [E]ntered Against The Plaintiff," a "Request for Declaratory Judgment" (related to plaintiff's claim of self-defense in the underlying case against all defendants), and a "Motion To Strike City of Rochelle's *Amicus Curiae* Brief." Finally, plaintiff filed a notice of appeal on

February 13, 2024, which is before us now. He appeals the court's January 26 order dismissing his cause.

¶ 10                                              II. ANALYSIS

¶ 11            We first note that plaintiff's brief on appeal is difficult to understand, containing disorganized arguments, irrelevant facts, and inapplicable legal terms (notably, not the same thing as supporting legal authority). In reviewing his appeal, we address only those arguments clearly stated and related to the order being appealed.

¶ 12            We further note defendants did not file a brief with this court in response to plaintiff's claims on appeal. In *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976), our supreme court set forth three distinct discretionary options a reviewing court may exercise in the absence of an appellee's brief: (1) it may serve as an advocate for the appellee and decide the case when the court determines justice so requires; (2) it may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of the appellee's brief; or (3) it may reverse the trial court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record. While the record here contains gaps, it is otherwise relatively simple, and we can decide the issues without the aid of an appellee's brief.

¶ 13                                      A. Federal Court Jurisdiction

¶ 14            Plaintiff argues, "At the time of [Municipal Defendants'] removal of their action to the federal court, defendant Erica C. Moore was not properly serviced and as [a] result, the federal court lacked the jurisdiction to rule and/or enter a judgment" against her. He also states, "The [state court] jurisdiction extended to the defendant Erica C. Moore on 12/06/23—when the

defendant was properly serviced." We believe defendant misunderstands the effect of the removal to federal court.

¶ 15        Generally, all defendants in an action must consent to the removal of the action from state to federal court. 28 U.S.C. § 1446(b)(2)(A) (2018). However, the consent of defendants who have not been served at the time of the removal is not required to successfully remove a case. *Id.* Further, while section 1448 of the United States Code allows a defendant served after removal to file a motion to remand the case to state court, it contains no requirement that such defendant explicitly consent to the prior removal. *Id.* § 1448. Federal courts have interpreted this to mean that removal remains valid even if a later-served defendant does not explicitly state her consent. See, *e.g.*, *Davis v. Averitt Express, Inc.*, 2006 WL 3883322, 3 (N.D. Ill. 2006) ("It would be meaningless to provide that a later served defendant retained the right to remand a case if *** removal is defective unless later served defendants join."). A case containing both federal and state law claims may be removed in its entirety to federal court. 28 U.S.C. § 1441(c). Once a case is removed, the state court loses jurisdiction to proceed further with the case. *Eastern v. Canty*, 75 Ill. 2d 566, 571 (1979).

¶ 16        Here, Municipal Defendants successfully removed plaintiff's case to federal court on September 14, 2023. Moore was not served with process until December 6, 2023. Because Moore had not been served at the time of removal, her consent was not required to remove the case to federal court, consistent with section 1446. Perhaps defendant believes that because Moore had not been served at the time of removal, the removal divided a singular case into two: one in the federal court against Municipal Defendants, and one in the state court against defendant Moore. But this is incorrect. The entirety of the case, including all claims against all parties, was removed to federal court on September 14, 2023, even though Moore had not been

served at that time. On that date, the state court lost jurisdiction over all claims and the federal court acquired it.

¶ 17    We acknowledge the circumstances surrounding service of process on Moore may create some confusion. Moore was served on December 6, 2023, after the case had been removed to federal court, by a summons issued *before* the removal, by the state court. Section 1448provides

> "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process ***, *such process or service may be completed* or new process issued in the same manner as in cases originally filed in such district court." (Emphasis added.). 28 U.S.C. § 1448.

Some federal courts have interpreted this language to require a new summons to be issued by the federal court for defendants who were never actually served prior to removal, as opposed to those who might have been served with imperfect or defective service. See, *e.g.*, *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). However, others have not. See, *e.g.*, *Continental Illinois National Bank & Trust Co. of Chicago v. Protos Shipping, Inc.*, 472 F.Supp. 979, 982-83 (N.D. Ill. 1979) (declining to follow *Beecher* on the basis that *Beecher*'s interpretation of section 1448 is contrary to the language of the statute). For our purposes, we need not decide if the state process served on Moore on December 6, 2023, was sufficient to confer personal jurisdiction over Moore in the federal court. We address only whether the trial court had subject matter jurisdiction over plaintiff's case when it entered a default judgment against Moore on January 19, 2024. Based on the successful removal of this case on September 14, 2023, we conclude that it did not.

¶ 18                                      B. Dismissal With Prejudice

¶ 19            Plaintiff next argues the trial court erred in dismissing his cause with prejudice.

He specifically states:

> "The court entered an order dismissing this cause with prejudice against the
>
> plaintiff without full and fair opportunity to litigate claims and issues before being
>
> bound by a resolution and a claim should be dismissed with prejudice only where
>
> it is clear that the plaintiff can prove no set of facts that would entitle him to
>
> relief."

¶ 20            Section 2-619(a)(3) of the Code of Civil Procedure (Code) allows for the

dismissal of a cause of action if "there is another action pending between the same parties for the

same cause." 735 ILCS 5/2-619(a)(3) (West 2022). Likewise, subsection (a)(1) allows a trial

court to dismiss if it does not have jurisdiction of the subject matter of a cause, "provided the

defect cannot be removed by a transfer of the case to a court having jurisdiction." *Id.* § 2-

619(a)(1). Whether dismissed pursuant to subsection (a)(1) or (a)(3), "a complaint should be

dismissed with prejudice only if it is apparent that the plaintiff can prove no set of facts that will

entitle him or her to recover." *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). A trial court's

decision to dismiss pursuant to section 2-619 is reviewed *de novo*. *Pugsley v. Tueth*, 2012 IL

App (4th) 110070, ¶ 15. A trial court's decision to dismiss with prejudice, specifically, is

reviewed for an abuse of discretion. *Vogt v. Round Robin Enterprises, Inc.*, 2020 IL App (4th)

190294, ¶ 15.

¶ 21            While subsections (a)(1) and (a)(3) arguably both apply to the case before us,

plaintiff does not cite either in his brief. Nor does he make any other well-defined legal

arguments with respect to his case. He merely states a general proposition about when dismissal

with prejudice is proper and cites two cases, one of which is inapplicable (*Bocock v. McGuire*, 2017 IL App (3d) 150860, which concerns dismissal pursuant to section 2-615 of the Code for defects apparent on the face of a complaint), and one that does not appear to support his position (see *Przybylo*, 385 Ill. App. 3d at 426 (holding a complaint was properly dismissed with prejudice where trial court was precluded from deciding the issues raised in plaintiff's complaint)). We also note that the record on appeal contains no report of proceedings underlying the trial court's order vacating the default judgment and dismissing plaintiff's complaint, so we do not know on what section of the Code the court based its decision or any explanation it might have offered.

¶ 22        Yet despite the deficiencies in plaintiff's brief and the gaps in the record on appeal, we are able to affirm a trial court's judgment on any basis appearing in the record. *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21. From the record, we know that plaintiff's complaint against all defendants, including Moore, was removed to the United States District Court for the Northern District of Illinois on September 14, 2023. We therefore know that the trial court that granted a default judgment against Moore on January 19, 2024, did not have jurisdiction to do so. Section 2-619(a)(1) allows a court to dismiss a case where it lacks jurisdiction, "provided the defect cannot be removed by a transfer of the case to a court having jurisdiction." 735 ILCS 5/2-619(a)(1) (West 2022). No set of facts plaintiff could plead regarding Moore's default would overcome the jurisdictional bar on the trial court. Further, transferring the judgment against Moore to the federal court to which the case was removed would not allow the judgment to stand because the federal court already dismissed plaintiff's complaint for failing to state a claim. We therefore conclude that, under section 2-619(a)(1), the trial court was correct in dismissing plaintiff's cause with prejudice.

¶ 23                                  C. *Amicus Curiae* Brief

¶ 24         For purposes of completeness, we note plaintiff also makes a slew of indefinite criticisms of the *amicus curiae* brief filed by Municipal Defendants' counsel on January 25, 2024. He contends that it was "improperly submitted." He states that it "improperly attempts to supplement the record and present arguments that were not before the [state court]." He argues that "no rule permits *amicus curiae* to engage in unsolicited motion practice[.] The Municipal Defendants were[ ]not parties to the controversy, due to their removal of the action to the federal court." Finally, with no further explanation, he provides the time frame to file an *amicus curiae* brief as provided by Illinois Supreme Court Rule 345 (eff. Sept. 20, 2010).

¶ 25         As with most of plaintiff's assertions, he fails to provide any supporting legal authority for his arguments. Indeed, he does not even provide facts to support his statements beyond the bald contentions themselves. For example, he does not state why the *amicus curiae* brief was "improperly submitted." Perhaps he believes that Municipal Defendants being parties to the cause before the federal court prohibited them from submitting an *amicus curiae* brief in the state court, but this is (1) incorrect and (2) only a guess as to plaintiff's argument. See *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill. 2d 23, 59 (1987) (stating an *amicus curiae* is, by definition, not a party to an action, and its sole function is to advise the court). He also does not explain how the brief constituted "unsolicited motion practice" or detail the arguments that are allegedly improperly presented in the brief. "[A] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." (Internal quotation marks omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. Although plaintiff is clearly dissatisfied with the existence and effect of the *amicus curiae*

brief on his prior default judgment against Moore, we are unable to piece together a meaningful argument from his brief or notice of appeal challenging it. We therefore do not address it.

¶ 26    We conclude by noting that where a court without jurisdiction over a case enters an order, the order is void. *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 933 (2002). Whatever defects plaintiff may see with the *amicus curiae* brief filed in this case would not change the outcome. Once the trial court was made aware that it lacked jurisdiction, it was required to vacate its order entering a default judgment on Moore.

¶ 27    III. CONCLUSION

¶ 28    For the reasons stated, we affirm the trial court's judgment.

¶ 29    Affirmed.